FRANK MARTIN v. THE STATE.

*No. 1076.    Decided June 17th, 1896.*

*Motion for Rehearing Decided December 22nd, 1896.*

1. **Accomplice Testimony—Charge of Court.**

Where the State, in a criminal prosecution, introduces evidence of accomplices, it is incumbent on the court to give in charge to the jury, Art. 781, Code Crim. Proc., and, in all proper cases, to define who are accomplices or what it takes to constitute accomplices in the commission of crime.   This charge should be given whether asked or not, and a failure to give it is reversible error.

ON MOTION FOR REHEARING.

2. **Murder—Plea of Guilty—Jury Must be Empaneled—Cannot be Waived— Evidence—Charge.**

On a trial for murder, where the defendant persists in pleading guilty to the charge, Art. 712, Penal Code, requires, that two things be done: (1) A jury must be summoned.   (2) Evidence must be adduced.   A jury must be empaneled to find the degree of murder, and this cannot be waived.   And in addition to this, the court should instruct them as to the elements of murder of the first, and, if necessary, murder of the second degree.   The trial is precisely the same under a plea of guilty as under a plea of not guilty.

3. **Same—Plea of Guilty—Accomplice Testimony—Charge.**

A plea of guilty is not tantamount to a confession of murder in the first degree. It is a confession, and may be treated and used to corroborate the testimony of an accomplice.   Still, the court must submit the matter of corroboration to the jury under appropriate instructions upon accomplice testimony.

4. **Accomplice Testimony—Charge, Under Article 781, Code of Criminal Procedure.**

Whenever a fact is to be found by a jury, upon the truth of which, the life or liberty of the citizen depends, and the testimony of an accomplice is relied upon to establish the truth of such fact, the rule as to accomplice testimony, as contained in Art. 781, Code Crim. Proc., should be submitted to the jury.

APPEAL from the District Court of Wharton.    Tried below before Hon. T. S. REESE.

Appeal from a conviction for murder in the first degree; penalty, death.

Appellant, Frank Martin, and Jim Martin were jointly indicted for the murder of Nancy Jane Crocker, by shooting her with a gun, in Wharton County, on the 19th day of May, 1895.    Upon his arraignment, the defendant, Frank Martin, who was alone upon trial, a severance having been had, pleaded guilty to the charge in the indictment.

This is a companion case to that of Jim Williamson v. State, ante p. 225, and the leading features of the evidence pertaining to the murder, will be found reported in that case.

On May 19th, 1895, E. C. Crocker, Nancy Jane Crocker and Wesley Crocker were killed at or near the house of Emmett Colburn, in Wharton County, Texas.    Some ten days afterwards, their bodies were found in a thicket in Seymour's pasture, in Colorado County, Texas, about seven miles from Emmett Colburn's house.    In the meantime, a number of persons, including appellant, Frank Martin, his brother, Jim Martin,

George Williamson, Bud Davis, Gus Colburn, Emmett Colburn and John Rickard were arrested and taken to Wharton to await their examining trial. At said trial, John Rickard and Emmett Colburn testified for the State, and were released. The others were bound over to the District Court to await the action of the grand jury.

At the October term, A. D. 1895, of said court, indictments were returned, as follows: Three against Frank Martin and Jim Martin, charging them jointly with the murder of Nancy Jane Crocker, E. C. Crocker and Wesley Crocker, respectively; three against George and Jim Williamson, charging them as above; and three against Gus Colburn and Bud Davis, charging them likewise. The parties severed, Bud Davis being first placed on trial. The State dismissed as to him for want of testimony. George Williamson was next tried, and convicted of murder in the first degree, with life sentence. On his trial, John Rickard, Gus and Emmett Colburn testified for the State. Upon the call of Gus Colburn's case, following Williamson's, the State entered a nol pros.

At the April term, A. D. 1896, Jim Martin, Jim Williamson and Frank Martin were each respectively tried. The above named witnesses testifying against them. Appellant being placed on trial for the murder of Nancy Jane Crocker pleaded guilty, and the jury returned a verdict convicting him of murder in the first degree, with the death penalty.

*Linn & Mitchell*, and *A. D. Sparkman*, for appellant.—When a defendant on trial introduces evidence directly in conflict with that relied upon by the State to either sustain a conviction or increase the punishment, and the same tends in any manner to either reduce the degree of the offense or mitigate the punishment therefor, he is entitled to a distinct affirmative presentation to the jury of the issue which thus arises, to the end that the jury shall not ignore his defenses, but be guided to a proper verdict in case they find his evidence to be true.

Appellant testified that he had gone to the scene first upon hearing the shots upon the prairie, and upon learning the facts of same, Rickard said, "let's go kill him" (E. C. Crocker), and appellant protested, but finally went. After they reached the house the woman came out, when Rickard started to kill her. Appellant seized the bridle of his horse and tried to prevent his doing so, begging him to desist, and warning against the act, when Rickard jerked loose and galloped after her, overtook her on the prairie and shot her, killing her instantly. White v. State, 18 Tex. Crim. App., 57; Burkhard v. State, 18 Tex. Crim. App., 599.

The court erred in failing to charge upon the law of accomplices' testimony because the testimony shows conclusively that the principal State witnesses, to-wit: John Rickard, Emmett Colburn, and Gus Colburn, who were the only eye witnesses, were particeps criminis in the killing of Nancy Jane Crocker, these witnesses alone testifying to facts showing murder in the first degree, and upon which the State relied solely for a conviction for said degree and an aggravation of the punishment.

The court-erred in failing to charge the jury upon the law of accomplices' testimony and its competency and value; because the testimony of defendant was, under the law, competent and sufficient in every particular to establish the facts stated by him as a witness, which showed him to be guilty of nothing more than murder in the second degree, and tended to mitigate the punishment, while each of the State witnesses who testified to incriminating facts against him were accomplices, and their testimony was incompetent.

When a defendant pleads guilty to an indictment charging murder, he is, in contemplation of law, only guilty of murder in the second degree, and his plea of guilty amounts to nothing more than an admission of guilt of the lowest grade of the degree, and if the State desires to inflict a greater punishment than the minimum fixed by law therefor, or to convict of murder in the first degree, the burden is upon her to establish by proof a case justifying an increase of punishment or conviction of the greater degree, and if this proof is made wholly or partially by an accomplice, it must be corroborated, and the court must charge upon accomplices' testimony.

The plea of guilty does not absolve the State from the duty of establishing the degree grade of the offense by competent evidence beyond a reasonable doubt; especially when she seeks to convict of a greater degree and inflict the death penalty. The presumption of innocence extends to every part of the case, and it is always the duty of the court to charge thereon.

When a defendant pleads guilty to an indictment charging murder and the jury is empaneled as provided in Art. 607, Penal Code, and Art. 519, Code Crim. Proc., to pass upon the degree and punishment, and testimony is introduced to enable them to decide thereupon, such testimony is introduced subject to all the rules of law in regard to its admissibility, weight and credibility, that govern in any other trial; and in order that a jury may fairly and impartially consider the same in passing upon the issues between the State and defendant, it is absolutely necessary that they consider said testimony in the light of all the law applicable thereto, and the court must charge the law as in any other trial. Crowell v. State, 24 Tex. Crim. App., 404; Hanson v. State, 27 Tex. Crim. App., 140.

*Mann Trice*, Assistant Attorney-General, for the State, on motion for rehearing.—Now comes the State, by attorney, and moves the court to set aside the judgment of reversal rendered herein and grant it a rehearing in this case, because this court erred in holding that the trial court should have instructed the jury as to the law pertaining to accomplices' testimony. For this, the record discloses that appellant entered a plea of guilty to the indictment which charged murder in the first degree. After the statutory admonition to the defendant he still persisted in making such plea, whereupon the court received the same. This having been done, there was no issue as to the guilt of the defendant, and the

evidence introduced pursuant to the requirements of Article 519, was for the purpose of enabling the jury to graduate the punishment to be inflicted.    The evidence introduced before them was solely for this purpose, and not for the purpose of establishing the defendant's connection with the crime.    This conclusion is manifest when considered in connection with the language of Article 519, as follows: "a jury shall be empaneled to assess the punishment, and evidence submitted to enable them to decide thereon."    It is therefore obvious that when a plea of guilty has been entered, the evidence required to be introduced is not for the purpose of establishing the guilt of the defendant, but for the sole purpose of enabling the jury to determine whether there be mitigating or aggravating circumstances connected with the commission of the offense, so as to enable them to fix a proper penalty.    It has been held that this statute is not intended solely for the benefit of the defendant, but is also intended to protect the interests of the State, by preventing aggravated cases of crime from being covered up by the plea of guilty, and to thereby prevent the criminal from escaping with a minimum punishment.    See, Harwell v. State, 19 Tex. Crim. App., 423; Willson's Crim. Stat., Sec. 2114.

While it is true the statute provides, that a "conviction cannot be had upon the testimony of an accomplice, unless corroborated," it is equally true that this only refers to cases where there is an issue as to who committed the offense, and cannot possibly affect or control cases where guilt is admitted.    To hold otherwise would be tantamount to a total disregard of a plea of guilty, and require the State to establish the guilt independent of any confession or admission that might be made by a party accused of crime.    The rule that the court should charge upon the law relating to circumstantial evidence in cases where the evidence is wholly circumstantial is fully as imperative as the law that the court should charge upon the law regulating the testimony of an accomplice, when the facts develop a witness to be such.    Nevertheless by an unbroken line of decisions, when it is shown that a defendant admits the commission of an offense, no charge on circumstantial evidence is required, notwithstanding there be no evidence of a direct nature connecting the defendant with the crime, save and except his admission.

It is therefore respectfully submitted that as there was no issue as to who committed the offense in question, and the sole purpose for the introduction of the evidence was to enable the jury to determine whether there was mitigating or aggravating circumstances, so they could grade the punishment, this honorable court erred in holding that the trial court should have instructed the jury as to accomplices' testimony.

*Linn & Mitchell* and *A. D. Sparkman*, in reply.—By virtue of our statute, Code Crim. Proc., Art. 519, the procedure under a plea of guilty in felony cases where the punishment is not absolutely fixed by law, is as much a trial as in any other case or under any other plea.    And this trial is not a formality to be gone through with in a loose manner, but

is upon an issue next, if not equal, in importance to the issue of whether he be guilty or not guilty. Testimony must be submitted to enable the jury to determine what amount of punishment is necessary to meet the demands of the law. The importance of this issue varies with the extremities of the punishment. It is mandatory that the requirements of Article 519 be observed. Harwell v. State, 19 Tex. Crim. App., 423; Paul v. State, 17 Tex. Crim. App., 583; Saunders v. State, 10 Tex. Crim. App., 336.

We see no reason why Article 585, New Code Crim. Proc., does not apply to this class of trials as well as any other. The testimony introduced is admitted under and subject to all the known rules of evidence, the same as upon any other trial. If a witness be an accomplice and makes statements and details testimony materially prejudicial to the defendant, such as would or is calculated to cause the jury to inflict upon him a more severe punishment than they would from other testimony in the cause, it is certainly the duty of the court to instruct the jury upon their testimony in order that they may not give it more weight and credit than in law it deserves.

But there is a still more important reason in murder cases for the court's giving a full and complete charge upon this as well as all other matters in the case. When a person pleads guilty to an indictment charging murder, a jury shall be summoned to find of what degree of murder he is guilty and (in either case) they shall also find the punishment. Art. 607, New Code Crim. Proc. It is obvious from this statute that under a plea of guilty to any indictment charging murder, the jury, and they alone, must find of what degree he is guilty. The right to determine the degree and fix the punishment is taken away from the court, the State, and even to the defendant himself, but is left entirely to the jury upon hearing the testimony and being instructed by the court as to the law. Because an indictment charges murder in the first degree it does not follow that a defendant pleads guilty to said degree. Buster v. State, 42 Texas, 316.. The letter and spirit of Art. 607, Code Crim. Proc., and Art. 519, Code Crim. Proc., is that the degree must be found and punishment assessed upon the testimony submitted to them, and is not in any manner to be governed by the pleadings. It is a well settled principle that a person cannot be convicted of murder in the first degree except when all the elements thereof are proven by competent evidence beyond a reasonable doubt. This is an issue which may be as strongly contested upon a plea of guilty as upon a plea of not guilty. There then remains two issues, under a plea of guilty to an indictment charging murder, for the jury to determine: (1) Of what degree of murder is defendant guilty? (2) What punishment is necessary to be inflicted to meet the demands of the law. Upon these issues the defendant of course stands before the jury in the most favorable light which under the plea and limits of the punishment he can. That is, he only admits his connection with the crime of murder and is only guilty in contemplation of law of the lowest grade of the

lesser degree.   The burden rests upon the State to prove the greater de-
gree and not upon the defendant (until of course the State has made
out a prima facie case) to show that he is guilty of nothing more than
the lesser degree and mitigation.   If then the State must shoulder
the burden of proof and relies upon accomplices wholly or partially
to convict of the greater degree or aggravate the punishment, their tes-
timony must be corroborated and the court must charge upon their
testimony.   The testimony of an accomplice must be corroborated in
every material point (Crowell v. State, 24 Tex. Crim. App., 404), which
is prejudicial to defendant.

It seems sufficient to us that, as the law discredits their testimony,
when under any plea they detail testimony, upon belief of which a jury
would naturally inflict a more severe punishment or convict of a greater
degree than they otherwise would, they should be instructed as the
law directs concerning their credibility.   They should know in all in-
stances whether or not the testimony upon which they are acting to the
prejudice of defendant, comes from those whom the law regards as
unworthy of belief.   The very gist of the trial on a plea of guilty in
murder cases is, "Is there express malice? and are there aggravating
circumstances?"   The State affirms that there is, and in this case sought
to establish same almost wholly upon the testimony of an accomplice.
The jury certainly should have known the character of witnesses they
were hearing testify, and upon which testimony they were to act.

We submit, therefore:   (1) However immaterial this error may have
been, it being excepted to in the proper manner on the trial, and at the
time of its occurrence, the judgment reversing this cause should stand.

2. It was incompetent upon the State, even after the plea of guilty,
to establish by competent evidence beyond a reasonable doubt the ele-
ments of the first degree of murder, before the jury would be warranted
in finding defendant guilty of that degree, and if she sought to do this
wholly or partially by accomplices (as she unquestionably did), it was
incumbent upon the trial court to charge upon accomplices' testimony.

3. The witnesses, Rickard and the two Colburns, were accomplices,
and their testimony was materially prejudicial to defendant, and needs
corroboration before the extreme penalty can be inflicted, and it was,
therefore, the imperative duty of the trial court to charge upon accom-
plice testimony.

DAVIDSON, JUDGE.—Appellant was convicted of murder in the first
degree, and his punishment was assessed at death, and he prosecutes
this appeal.   There is but one bill of exceptions in the record.   That is
to the failure of the court to charge on accomplices' testimony.   The
principal State's witnesses in this case were John Rickard, Gus Colburn,
and Emmett Colburn.   Two of them, John Rickard and Gus Colburn,
unquestionably participated in the killing of the deceased in such man-
ner as to render them accomplices.   As to Emmett Colburn, there is
some testimony tending to show that he was an accomplice—certainly

·enough to submit to the jury the question as to whether or not he was such. Our statute (Art. 781, Code Crim. Proc., 1895) provides: "A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense." By a long line of decisions, it has been held that, where the State in a criminal prosecution introduces ·evidence of accomplices, it is incumbent on the court to give in charge to the jury the above article, and then, in all proper cases, to define ·who are accomplices, or what it takes to constitute persons accomplices in the .commission of crime. This charge should be given, whether asked or not; but it is especially incumbent on the court, when the matter is pointed out by a bill of exceptions, to give the law on accomplices' testimony in charge to the jury. See, Winn v. State, 15 Tex. Crim. App., 171; Sitterlee v. State, 13 Tex. Crim. App., 587; Howell v. State, 16 Tex. Crim. App., 93; Coffelt v. State, 19 Tex. Crim. App., 436; Fuller v. State, Id., 380; Anderson v. State, 20 Tex. Crim. App., 312; Stone v. State, 22 Tex. Crim. App., 185; Boren v. State, 23 Tex. Crim. App., 28; Stewart v. State, 35 Tex. Crim. Rep., 174; Ballew v. State (Tex. Crim. App.) 34 S. W. Rep., 616. It is not necessary to discuss the testimony of said witnesses. The evidence not only tends to show that said three witnesses were accomplices, and that their testimony was materially prejudicial to the defendant, but the record ·establishes that the State's case is mainly based upon their evidence; .and why the learned judge should have omitted, in a case of this importance, to give to the jury a charge on accomplices' testimony, especially when an exception was taken to his charge in this regard, is to us inexplicable. The defendant in this case may be ever so guilty, but the meanest criminal in the land has an inalienable right to have his case passed upon by the jury under the known rules of evidence, and to deny him this right is to deprive him of a fair and impartial trial according to the laws of the land. For the error of the court in refusing to charge the jury on accomplices' testimony the judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.

----

ON MOTION FOR REHEARING.

DAVIDSON, JUDGE.—The indictment charged that appellant and Jim Martin, with express malice aforethought, did kill Nancy Jane Crocker, by shooting her with a pistol. We may concede this is a charge of murder in the first degree. Appellant pleaded guilty when arraigned. The plea of guilty admits as true every fact stated in the indictment. By pleading guilty, defendant confessed his guilt as charged in the indictment, but, if none is charged therein, none is con-

fessed. After the plea of guilty, there is nothing for the court to do other than to pronounce the sentence. In capital cases, however, the courts usually show a reluctance to accept and record such confessions, often advising the prisoner to retract the confession, and plead not guilty. The obvious reason of this is, the defendant may not fully understand the nature of the charge. He may be actuated by a morbid desire for punishment, etc. Harris' Crim. Law, 373. The accused could plead guilty to any charge—to that of murder or any other crime. The above propositions are found in the common law. Do they prevail in this State? They do not. The accused has the right to plead guilty to any charge, but when such plea is entered there is something else to be done. The court cannot at once enter judgment against the accused. Art. 554, Code Crim. Proc., 1895, provides: "If the defendant plead guilty he shall be admonished by the court of the consequences; and no such plea shall be received, unless it plainly appear that he is sane and is uninfluenced by any considerations of fear, by any persuasion or delusive hope of pardon, prompting him to confess his guilt." This provision of the Code applies to all cases of felony in which the defendant pleads guilty. Art. 555, Code Crim. Proc., 1895, provides: "Where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be empaneled to assess the punishment, and evidence submitted to enable them to decide thereupon." This article applies to all cases of felony, because the punishment is not fixed by law beyond the right of the jury to graduate same. If the punishment be absolutely fixed by law, then the court should proceed to judgment as at common law. We have an article specially devoted to pleas of guilty to the charge of murder. Art. 712, Penal Code, 1895, provides: "If the jury shall find any person guilty of murder, they shall also find by their verdict whether it is of the first or second degree." This must be done, whether the plea be guilty or not guilty. The jury must say in their verdict whether the defendant is guilty of murder of the first or second degree; prescribing the punishment will not suffice. The same article also provides: "And if any person shall plead guilty to an indictment for murder, a jury shall be summoned to find of what degree of murder he is guilty, and in either case they shall also find the punishment." From this article evidently two things must be done in all cases in which the defendant pleads guilty to an indictment for murder: First, a jury must be summoned; and, second, evidence must be introduced. A jury must be summoned as is required by law—that is, in the same manner as in all murder cases—unless waived by defendant. A jury must be empaneled, and this cannot be waived. As the jury "must find of what degree of murder defendant is guilty," evidence must be introduced. Why? To enable the jury to find the degree of murder, and properly fix the punishment. At common law the defendant could plead guilty to murder, and the judgment and sentence follow, without the intervention of a jury. But our Code will not per-

mit the defendant to plead guilty to murder so as to avoid the necessity of a jury. He may plead guilty to an indictment for murder, but the law of this State will not permit him to be hanged or punished for murder of the first degree merely upon such a plea; nor will the law of this State permit him to be punished for murder of the second degree upon such a plea. A jury must be empaneled to find the degree. A jury must be empaneled to find the degree of murder. This cannot be done without evidence—legal and competent evidence. Nor can this be done wisely and legally by the jury in the absence of proper instructions from the court. They must be informed of the elements of murder of the first degree, and, if necessary, as well of murder of the second degree. The policy of this State being to protect the accused from the punishment affixed to capital cases—unless such a case is made by the evidence —the law requires that the degree of murder shall be judicially determined; that is, by a jury in the usual manner, and under the evidence and proper instructions of the court. The degree of murder must be found by a jury under the evidence. The jury must find the degree under a plea of guilty, just as they must find it under a plea of not guilty. The trial of this issue, to-wit: murder of the first or second degree, is precisely the same under a plea of guilty as a plea of not guilty. This being so, to convict of the higher degree, there must be competent and legal evidence establishing this degree; and if the jury should entertain a reasonable doubt as to whether the murder was of the first degree, they should acquit of that degree and find murder of the second degree. The jury in this case found the appellant guilty of murder of the first degree, and fixed his punishment at death. This finding of the jury of murder of the first degree is based mainly upon the testimony of accomplices. Upon the trial, counsel for appellant excepted to the charge of the court, because it failed to submit to the jury the rule pertaining to the testimony of accomplices. This should have been done. The jury should have been told that appellant could not be convicted of murder of the first degree upon the uncorroborated testimony of accomplices. It is contended that this instruction was unnecessary; that the plea of guilty was ample corroboration. We have seen that the law will not permit a defendant to plead guilty to an indictment for murder of the first degree, so as to dispense with evidence and a verdict of the jury; that the degree of murder must be determined by the same methods as if defendant had pleaded not guilty. Now, while the plea of guilty is a most solemn confession of guilt, it is not a confession of guilt of murder of the first degree. The law will not permit it to have this effect. It is a confession, and may be treated and used to corroborate the testimony of an accomplice. But, while all of this may be true, still the court must submit the matter to the jury. It would be a startling proposition to hold that, because there was evidence corroborating the testimony of an accomplice, therefore the court should refuse or omit to instruct the jury upon the necessity of corroborating such testimony. Let us suppose that witnesses swear to facts which

make the homicide murder of the first degree, and other witnesses, who are accomplices, are introduced by the State, and testify to facts and circumstances constituting murder of the same degree, should the court refuse to instruct the jury that the law requires the testimony of these accomplices to be corroborated? Evidently this would be no reason for failing to submit to the jury the rule contained in Article 781, Code Crim. Proc., 1895. Why? Because the jury is the judge of the credibility of the witnesses and the weight to be given their testimony, whether accomplices or not. We have said that the law of this State will not permit a defendant to plead guilty to murder of the first degree. He may plead guilty to murder, but the degree must be found by a jury. If defendant can plead guilty to murder of the first degree, so as to dispense with a jury, the introduction of evidence—in fact a trial upon the degree—then Article 712 is unmitigated nonsense, without object or purpose. Now, whenever a fact is to be found by a jury, upon the truth of which the life and liberty of the citizen depends, and the testimony of an accomplice is relied upon to establish the truth of such fact, the rule contained in Article 781 should be submitted to the jury. The motion for rehearing filed by the State in this cause is overruled.

*Motion Overruled.*