WILL MURRAY, ALIAS MICHIGAN KID, v. THE STATE.

No. 2874. Decided January 20, 1904.

On Motion for Rehearing February 24, 1904.

**1.—Murder—Plea of Guilty—Charge of the Court.**

Where, on a plea of guilty, the evidence excludes murder in the second degree, but shows murder in the first degree, the court is not required to charge on murder in the second degree, and the trial is precisely the same under the plea of guilty, as under the plea of not guilty. Qualifying Sanders v. State, 18 Texas Crim. App., 372; Giles v. State, 23 Texas Crim. App., 281. Approving Blocker v. State, 27 Texas Crim. App., 16. Distinguishing Martin v. State, 36 Texas Cr'm. Rep., 632.

Appeal from the District Court of Jefferson. Tried below before Hon. W. H. Pope.

Appeal from a conviction of murder in the first degree; penalty, death.

The testimony of the State discloses a case of foul murder; that deceased, a woman, was followed by defendant from place to place, where she would flee from his attacks, and finally, when she sought refuge in a neighbor's house, defendant broke into the house, dragged

her from under the bed, hit her on the head with a slat, felling her to the floor, and when she arose and begged him to desist, stabbed her twice in each side, following her out to a tram mill, where she dropped and expired. The theory of the defense was that the deceased was killed by the slashers or saws of the tram mill. Defendant plead guilty, and the only question in the case is the court's charge.

*Matt Cramer,* for appellant.—The error in the charge was fundamental, because it did not allow the jury to find the degree of the homicide. The court can not deprive the jury of that power and right, by imperatively telling them to do so. Buster v. State, 42 Texas, 315; Blocker v. State, 27 Texas Crim. App., 16; Sanders v. State, 18 Texas Crim. App., 372; Giles v. State, 23 Texas Crim. App., 281.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—The record shows that appellant pleaded guilty to the indictment charging murder in the first degree, and after the introduction of the evidence the jury returned a verdict of guilty, assessing his punishment at death. The plea was received after appellant had been duly warned by the court as the law requires in such cases. The State introduced ample evidence to show the commission of the offense and appellant's connection therewith. In our opinion the evidence clearly demonstrates that appellant was guilty of murder in the first degree, and thoroughly authorized the extreme penalty of the law. No error appearing in the record, the judgment is affirmed.

*Affirmed.*

## ON REHEARING.

### February 24, 1904.

BROOKS, JUDGE.—The judgment was affirmed at a former day of this term, and is before us on rehearing. Appellant insists that where defendant has pleaded guilty it is error for the court to instruct the jury, either directly or by implication, that the plea of guilty is a plea of guilty of the highest grade charged, as was done in this case. In support of this contention appellant cites Sanders v. State. 18 Texas Crim. App., 372; Giles v. State, 23 Texas Crim. App., 281. The statutes provide, if a jury shall find any person guilty of murder, they shall also find by their verdict, whether it is of the first or second degree; or if any person shall plead guilty to an indictment for a murder, a jury shall be summoned to find of what degree of murder he is guilty; and in either case they shall also find the punishment. It does not appear in the Sanders case that any evidence was introduced on the plea. Be this as it may, the case does support appellant's conten-

tion that, where defendant pleads guilty to an indictment charging murder in the first degree, it is the duty of the jury to find of what degree of murder he is guilty. However, this case was practically overruled in Blocker v. State, 27 Texas Crim. App., 16. In that case it was held that, the accused being on trial for murder under the law of this State, it is not the duty of the trial judge in murder cases, without regard to the evidence adduced, to instruct the jury as to the law of murder in the second degree; but it was held that notwithstanding the apparent plausible construction of the statute upon which the proposition is maintained, the doctrine obtains in this State that the trial court may decline to submit to the jury the issue of murder in the second degree, when the evidence wholly fails to present that issue. In Martin v. State, 36 Texas Crim. Rep., 632, we held, on a trial for murder, where defendant persists in pleading guilty to the charge, article 712 Penal Code, requires that two things be done; first, a jury must be summoned; second, evidence must be adduced, and the jury impaneled to find the degree of murder; and this can not be waived. In addition to this, the court should instruct the jury as to the elements of murder in the first, and if necessary, murder in the second degree. The trial is precisely the same under the plea of guilty as under the plea of not guilty. A plea of guilty is not tantamount to a confession of murder in the first degree. Under the facts of the case before us, the evidence conclusively shows appellant is guilty of murder in the first degree; and his plea of guilty, as stated above, will be treated as a plea of not guilty. Where the evidence excludes murder in the second degree, the plea of guilty does not require the court to charge on murder in the second degree. Under appellant's plea of guilty, the court correctly instructed on murder in the first degree only. This was amply authorized by the evidence. But as stated, if the evidence had suggested murder in the second degree, then it would have been the duty of the court to have submitted murder in the second degree. We see no reason for changing the original opinion, and the motion for rehearing is accordingly overruled.

*Motion overruled.*