### HARRY LANKFORD v. THE STATE.

#### No. 7234.   Decided February 21, 1923.

**Possession of Intoxicating Liquors—Accomplice Testimony—Purchasers— Collateral Crime—Charge of Court.**

It is settled law in this State that when evidence of collateral crime was introduced for one of the various purposes for which such evidence becomes admissible, the jury should be instructed that they cannot consider against the defendant such collateral crime, unless it has been shown to their satisfaction that the accused is guilty thereof, and where the court refused to instruct the jury that the purchasers of the alleged liquor prior to the 15th of November, 1921, were accomplices, and that they could not consider against the defendant the fact that he had made such sale, unless his guilt had been shown beyond a reasonable doubt, the judgment must be reversed and the cause remanded. One accomplice cannot corroborate another accomplice.

Appeal from the District Court of Wood. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of having in possession intoxicating liquor for the purpose of sale; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Simpson, Lassater & Simpson,* and *Jones & Jones,* for appellant.— Cited Plachy v. State, 239 S. W. Rep., 939.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wood County of possessing intoxicating liquor for purposes of sale, and his punishment fixed at four years in the penitentiary.

There are many bills of exception in this record, each of which we

have considered, but in none of which do we find error save those complaining of the action of the trial court in failing and refusing to submit to the jury the law of accomplice testimony as hereinafter more fully set forth.

The indictment charged appellant with the possession of spirituous, vinous and malt liquor for the purpose of sale. Two facts must be affirmatively shown by the proof in such case: first, the possession of the intoxicating liquor; second, that such possession was for the purpose of sale. Appellant was shown to have possessed a garage, one corner of which was cut off and called his office. In this office was found a large quantity of whisky in February, 1922. The evidence as to his possession of such liquor seems ample. As bearing on the issue of the purpose for which such possession was had on the part of appellant, the State proved by three witnesses that they had purchased liquor from him in 1921, at dates prior to November 15th, on which day the amendment to the Dean Law went into effect exempting purchasers of intoxicating liquor from being held as accomplices when testifying against parties who had sold such liquor. As to the sales made by appellant prior to said last-mentioned date, the witnesses testifying thereto were only the purchasers of such liquor, and were necessarily accomplices (Plachy v. State, 91 Texas Crim. Rep., 405, 239 S. W. Rep., 979), and the court should have instructed the jury that the fact of such sales could not be considered against the appellant unless his guilt thereof was shown by legal testimony. It is a well-settled rule that the guilt of one accused of crime can not be legally shown by the uncorroborated testimony of an accomplice or any number of accomplices.

It is the settled law in this State that when evidence of collateral crimes is introduced for one of the various purposes for which such evidence becomes admissible, the jury should be instructed that they can not consider against the defendant such collateral crimes unless it has been shown to their satisfaction that the accused is guilty thereof. This has been held to be the correct doctrine as applicable to collateral forgeries, thefts and other crimes, and we can see no sort of reason for attempting to draw a distinction between the application of said rule in other felony cases, and the one now under consideration. If it be true that the jury must be instructed as to a collateral theft or forgery or other collateral crime under our established decisions, that they must believe that guilt of the accused in such collateral crime has been shown beyond a reasonable doubt before same can be considered against him in determining his guilt in the case on trial, then the same rule is applicable here, and the jury should have been told that they could not consider as a guilty circumstance, appellant's selling intoxicating liquor in violation of law on the dates named, unless such guilt was shown by legal evidence beyond a reasonable doubt. For authorities supporting our position see Fry v. State, 78 Texas Crim. Rep., 435; Fry

v. State, 86 Texas Crim. Rep., 73; Martin v. State, 36 Texas Crim. Rep., 632; Ham v. State, 4 Texas Crim. App., 645.

In our opinion the contention of appellant is sound as reflected by his bills of exception to the refusal of the trial court to instruct the jury that the purchasers of such liquor prior to the 15th of November, 1921, were accomplices, and the jury should have been told that they could not consider against this appellant the fact that he had made such sales unless his guilt of such crimes had been shown beyond a reasonable doubt by legal and competent testimony.

For the error of the trial court in the matter complained of, the judgment must be reverseed and the cause remanded.

*Reversed and remanded.*