## Lonnie Campbell v. The State.

No. 18583.  Delivered December 9, 1936.

The opinion states the case.

*Hamilton & Fitzgerald,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of chickens; punishment, one year in the penitentiary.

McCoy and Portwood were neighbors, living in Hall County. Each had chickens.  On the night of September 18, 1935, a number of chickens were taken from each.  The owners were not at home that night.  On the next day said chickens were found in possession of appellant.  His witness Longbine testified that he was with appellant on the night of the 18th, when they found said chickens all in a sack near a road on which they were traveling, and that appellant took the sack of chickens to his home and put them in his barn.  Other interesting but unimportant facts appear in the record .

Appellant only argues three exceptions presented to the charge of the court.  One urged that it was wrong for the trial court to use in his charge the expression: "With respect to the property for the theft of which he is now on trial," for the reason that the words "Now on trial" suggested to the jury

that there was another prosecution pending against appellant for theft of chickens, but we are not able to agree that such was a necessary inference, if any at all.

The court's charge was twice excepted to for the reason, substantially, that it did not tell the jury that they could not consider against appellant for any purpose the evidence tending to show theft of chickens of Portwood unless it had been shown by legal evidence to the satisfaction of the jury, beyond a reasonable doubt, that appellant was guilty of such theft, he being on trial for the theft of McCoy's chickens. In support of his contention in this regard appellant cites Fry v. State, 215 S. W., 560, and Lankford v. State, 248 S. W., 389. We are in entire accord with the rule laid down in both said cases under their facts, but we have before us neither identical nor similar facts. In Fry's case evidence of collateral, disconnected forgeries by Fry, covering a period of years, was put before the jury as showing system, identity, intent, motive, etc.; and we held that this situation was cared for by the charge which restricted the jury's right to convict to their belief of his guilt of the particular transaction directly involved; and which also told the jury they could not consider for any purpose checks, warrants, etc., except such as they believed had been altered or passed as true by the accused. Said case was affirmed. In Lankford's case, supra, it appeared that he was charged with possession of intoxicating liquor for the purpose of sale in February, 1922, and proof was made of his sale of liquor to three persons on different occasions in 1921,—this for its effect in shedding light on the purpose of appellant's possession of liquor in 1922, as charged. We held that the jury should have been told they could not consider evidence of such collateral crimes against the accused unless they believed him guilty of same.

In this connection, we note that in the case at bar, in his charge the court told the jury that they could not find appellant guilty herein if they believed from the testimony that he found the sack of chickens referred to, or had a reasonable doubt of such fact; also that they could not consider testimony of appellant's possession of other chickens than those referred to in the indictment herein for any other purpose than as same might assist them in determining appellant's guilt herein by circumstances, or to show the intent, if it did, with which he acted with respect to the chickens for whose theft he was on trial; and that they should consider it for no other purpose. The facts relating to the loss of both lots of chickens in this case

were developed without objection, the only exceptions to the admission of testimony found in the record being based on objections to proof of the finding of the chickens in appellant's possession by search of his barn without search warrant.

Appellant's defensive testimony in this case connects him equally and necessarily, and to the same guilty extent, with the chickens of Portwood and McCoy, and, if believed, showed beyond question at least that both lots of chickens were taken by one and the same thief. Bearing in mind that exactly the same proof of guilt, beyond a reasonable doubt, appears in this record with respect to the taking by this appellant of Portwood's chickens as to his taking McCoy's chickens, for which he stands convicted,—it would be beyond the pale of credulity to believe that harm was done this appellant, or that his rights were impaired in the slightest degree, by the refusal of the trial court to respond to his exception and charge the jury as therein suggested. We again repeat that the chickens of McCoy and Portwood, located near each other, were taken the same night, and found together in appellant's possession the next day; that both Portwood and McCoy testified that their chickens were taken without their knowledge or consent; that appellant's friend and witness swore that all said chickens came into appellant's possession the night same were taken by his finding them all together in the same sack, and that the trial court charged the jury affirmatively on this defense.

We have a mandatory statute, Art. 666, C. C. P., in reference to the exact question here presented which says: "The judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." Being thoroughly convinced that the error, if any, of the court in not responding to appellant's exceptions could not and did not injure him in any way, and that he has had a fair and impartial trial, and finding no other error in the record, the judgment is affirmed.

*Affirmed.*