## FRANK G. VAUGHN v. THE STATE.

No. 19866.   Delivered June 15, 1938.

The opinion states the case.

*J. A. Veillon* and *D. F. Sanders,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is passing a forged instrument; the punishment, confinement in the penitentiary for three years.

The State relied upon circumstantial evidence. In an effort to connect appellant with the commission of the offense the State introduced several checks or drafts upon the theory that they were forged instruments. Based upon the testimony of such extraneous offenses, the court instructed the jury as follows: "You are further instructed that you can not convict the defendant for any connection he might have had, if any he did have, with any other checks or drafts except the one described

in the indictment in this case. They are before you for one purpose only and that is to aid you, if they do, in passing upon the guilt or innocence of the defendant for the offense charged in the indictment."

In an exception to the charge it was in effect pointed out that the jury should have been instructed that they could not consider the alleged extraneous offenses unless appellant's guilt of such offenses was shown by legal evidence beyond reasonable doubt. This exception was well taken. We quote from the language of Judge LATTIMORE in Lankford v. State, 248 S. W. 389, as follows:

"It is the settled law in this State that when evidence of collateral crimes is introduced for one of the various purposes for which such evidence becomes admissible, the jury should be instructed that they can not consider against the defendant such collateral crimes, unless it has been shown to their satisfaction that the accused is guilty thereof. This has been held to be the correct doctrine as applicable to collateral forgeries, thefts, and other crimes, and we can see no sort of reason for attempting to draw a distinction between the application of said rule in other felony cases and the one now under consideration. If it be true that the jury must be instructed as to a collateral theft or forgery or other collateral crime under our established decisions, that they must believe that guilt of the accused in such collateral crime has been shown beyond a reasonable doubt before same can be considered against him in determining his guilt in the case on trial, then the same rule is applicable here, and the jury should have been told that they could not consider as a guilty circumstance appellant's selling intoxicating liquor in violation of law on the dates named, unless such guilt was shown by legal evidence beyond a reasonable doubt. For authorities supporting our position see Fry v. State, 78 Texas Crim. Rep. 435, 182 S. W. 331; Fry v. State, 86 Texas Crim. Rep. 73, 215 S. W. 560; Martin v. State, 36 Texas Crim. Rep. 632, 36 S. W. 587, 38 S. W. 194; Ham v. State, 4 Texas App. 645."

See, also, Miller v. State, 53 S. W. (2d) 790.

The sufficiency of the evidence has given us concern. In view of the fact that upon another trial the evidence may not be the same, we pretermit discussion of the question.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.