ALBERT NICHOLS V. THE STATE.

No. 20606. Delivered January 31, 1940.

The opinion states the case.

*T. H. Yarbrough, Donald & Donald,* and *Boyd Barjenbruch,* all of Bowie, and *H. R. Bishop,* of Forth Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is receiving and concealing stolen property; the punishment, confinement in the penitentiary for four years.

At the time the motor of the stolen automobile of Buck Davis, the injured party, was found on the farm of appellant's father-in-law other automobiles and parts of automobiles were also discovered on such farm. The motor, which was alleged to have been taken from the car of Mr. Davis, was hidden under a hay stack. Automobile parts and an automobile which had no connection with the Davis automobile were also concealed at other places on the Etheridge farm. The only circumstance indicating that the automobile and automobile parts last mentioned had been stolen was the fact that they were shown to have been concealed. The State proved the foregoing extraneous matters. Thereafter the court in his charge instructed the jury as follows:

"You are further instructed that any evidence in this case concerning any property being on the J. W. Etheridge farm, other than the Plymouth motor introduced in evidence, can be considered by you only upon the question as to whether the defendant knew that the Buck Davis automobile had been stolen, if it was stolen, at the time he received it, if he did receive it, if you consider that such evidence does affect that question, and you will not consider any of such evidence for any other purpose in this case. You will not consider such evidence for any purpose in this case unless you first believe from the evidence, beyond a reasonable doubt, that the defendant knew

about such property, if any, and participated in placing it in the location and condition in which it was found on October 15, 1936, if it was."

It is manifest that in introducing proof to the effect that other property on the premises of appellant's father-in-law was concealed, the State was taking the position that such property had been received and concealed by the appellant under circumstances showing his knowledge that it had been stolen. As indicated by the charge of the court, this proof was introduced by the State in an effort to show that when appellant received the automobile of Buck Davis he knew that it had been stolen. In limiting such proof, charge of the court was deficient, in that it failed to instruct the jury that they could not consider the alleged extraneous offenses unless appellant's guilt of such offenses had been shown by legal evidence beyond a reasonable doubt. Appellant addressed a specific exception to the failure of the court to give such an instruction to the jury. The exception was well taken. We quote from the language of Judge Lattimore in Lankford v. State, 93 Tex. Cr. R. 442, 248 S. W. 389, as follows: "It is the settled law in this State that when evidence of collateral crimes is introduced for one of the various purposes for which such evidence becomes admissible, the jury should be instructed that they cannot consider against the defendant such collateral crimes, unless it has been shown to their satisfaction that the accused is guilty thereof. This has been held to be the correct doctrine as applicable to collateral forgeries, thefts, and other crimes, and we can see no sort of reason for attempting to draw a distinction between the application of said rule in other felony cases and the one now under consideration. If it be true that the jury must be instructed as to a collateral theft or forgery or other collateral crime under our established decisions, that they must believe that guilt of the accused in such collateral crime has been shown beyond a reasonable doubt before same can be considered against him in determining his guilt in the case on trial, then the same rule is applicable here, and the jury should have been told that they could not consider as a guilty circumstance appellant's selling intoxicating liquor in violation of law on the dates named, unless such guilt was shown by legal evidence beyond a reasonable doubt. For authorities supporting our position see Fry v. State, 78 Tex. Cr. R. 435, 182 S. W. 331; Fry v. State, 86 Tex. Cr. R. 73, 215 S. W. 560; Martin v. State, 36 Tex. Cr. R. 632, 36 S. W. 587, 38 S. W. 194; Ham. v. State, 4 Tex. Cr. App. 645."

See also Vaughn v. State, 118 S. W. (2d) 312, and Miller v. State, 53 S. W. (2d) 790.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.