CLETUS P. ERNSTER V. STATE

No. 29,117. November 6, 1957.
State's Motion for Rehearing Overruled.
(Without Written Opinion) January 8, 1958.

*Kelly, Hunt & Cullen, Richard D. Cullen,* Victoria, *R. E. L. Looney* and *Looney, Clark & Moorhead, Donald S. Thomas, Mary Joe Carroll,* and *Everett L. Looney,* Austin, for appellant.

*Will Wilson,* Attorney General of Texas, *Lonny F. Zwiener, George P. Blackburn,* Assistants Attorney General, *Leon Douglas,* State's Attorney, all of Austin, and *Wiley L. Cheatham,* District Attorney, Cuero, *J. M. Fly,* former County Attorney and *W. W. Kilgore,* County Attorney, Victoria, for the state.

MORRISON, Presiding Judge.

The offense is misrepresenting a written instrument affecting property as denounced by Article 1000, V.A.P.C.

We are met at the outset with an objection to the court's charge, which we have concluded is determinative of this appeal.

The appellant did not testify or offer any evidence save that relating to his reputation for being a peaceable and law-abiding citizen.

Several extraneous offenses were admitted in evidence on the theory that they were admissible on the issue of motive and intent.

In his charge limiting the jury's consideration of these extraneous offenses to the purpose for which they were admitted, the court failed to instruct the jury that they could not consider such collateral crimes against the appellant unless they believed beyond a reasonable doubt that the appellant was guilty thereof.

By proper objection, the appellant called this omission to the court's attention, but such objection was overruled.

In the early case of Taylor v. State, 50 Texas Cr. Rep. 362, 97 S.W. 474, decided in 1906, this court, speaking through Judge Davidson, said:

"The jury should be plainly informed that, before they could consider any collateral matters growing out of this transaction or connected with it, as evidence against defendant, even bearing upon his intent, motive, etc., those alleged collateral forgeries must be found to be forgeries."

In Pelton v. State, 60 Texas Cr. Rep. 412, 132 S.W. 480, decided in 1910, the Taylor case is cited with approval, and the court said:

"In order for these collateral matters to be used by the jury as evidence on the intent of the defendant, we think they must believe from the evidence beyond a reasonable doubt that they are forgeries."

In Lankford v. State, 93 Texas Cr. Rep. 442, 248 S.W. 389, decided in 1923, this court, speaking through Judge Lattimore, said:

"It is the settled law in this state that when evidence of collateral crimes is introduced for one of the various purposes for which such evidence becomes admissible, the jury should be instructed that they cannot consider against the defendant such collateral crimes, unless it has been shown to their satisfaction that the accused is guilty thereof. This has been held to be the correct doctrine as applicable to collateral forgeries, thefts, and other crimes, and we can see no sort of reason for attempting to draw a distinction between the application of said rule in other felony cases and the one now under consideration. If it be true that the jury must be instructed as to a collateral theft or forgery or other collateral crime under our established decisions, that they must believe that guilt of the accused in such collateral crime has been shown beyond a reasonable doubt before same can be considered against him in determining his guilt in the case on trial, then the same rule is applicable here, and the jury should have been told that they could not consider as a guilty circumstance appellant's selling intoxicating liquor in violation of law on the dates named, unless such guilt was shown by legal evidence beyond a reasonable doubt. For authorities supporting our position see Fry v. State, 78 Texas Cr. Rep. 435, 182 S.W. 331; Fry v. State, 86 Texas Cr. Rep. 73, 215 S.W. 560; Martin v. State, 36 Texas Cr. Rep. 632, 36 S.W. 587, 38 S.W. 194; Ham v. State, 4 Texas App. 645."

In Miller v. State, 122 Texas Cr. Rep. 59, 53 S.W. 2d 790, decided in 1932, in an opinion by Judge Christian, the Lankford case was cited with approval, and the court said:

"In an exception to the charge it was pointed out that the jury should be instructed that they could not consider the alleged extraneous offenses unless appellant's guilt of such offenses was shown by legal evidence beyond a reasonable doubt. This exception was well taken."

In Vaughn v. State, 135 Texas Cr. Rep. 205, 118 S.W. 2d 312, decided in 1938, this court made the same statement as has been quoted above from the Miller case.

In Nichols v. State, 138 Texas Cr. Rep. 324, 136 S.W. 2d 221, decided in 1940, this court again cited the Lankford case with approval and said:

"In limiting such proof, the charge of the court was deficient, in that it failed to instruct the jury that they could not consider the alleged extraneous offenses unless appellant's guilt of such

offenses had been shown by legal evidence beyond a reasonable doubt."

As against this array of authorities, there seem to three cases which might be construed as holding to the contrary.

In Campbell v. State, 131 Texas Cr. Rep. 377, 99 S.W. 2d 602, this court held, and rightly so we think, that where the *appellant's own evidence* put him in possession of the chickens involved in the extraneous theft the failure to charge the jury in line with the authorities hereinbefore quoted was not error. It should be remembered, however, that in the case at bar, the state's witnesses, and they alone, testified about the extraneous offenses.

In the two relatively recent opinions of this court in Vigil v. State, 148 Texas Cr. Rep. 91, 184 S.W. 2d 926, and Campbell v. State, 163 Texas Cr. Rep. 545, 294 S.W. 2d 125, this court quoted a charge with approval which did not contain any instruction on reasonable doubt. A reading of the opinions in such cases will reveal, however, that the objection now urged for our consideration was not considered nor discussed by the court, and such opinions are therefore not authoritative on the question here presented.

We have concluded that the authorities hereinbefore cited require the reversal of this conviction.

Upon another trial, the learned trial judge should be admonished that he has no authority to excuse prospective jurors without challenge and on his own motion merely because they state they have a prejudice in the case. As authority, we cite the recent case of Ex parte Bronson, 158 Texas Cr. Rep. 133, 254 S.W. 2d 117.

My brother DAVIDSON concurs in this opinion but expresses the conviction that the extraneous offenses introduced by the state in making out its case in chief were not admissible in the first place. A majority of the court, however, have concluded they were because of the peculiar nature of the facts before us.

The judgment is reversed and the cause remandd.

WOODLEY, Judge, dissenting.

The instrument, the contents of which were shown by the state's testimony to have been misrepresented to Louis C. Peoples, was one of thirteen applications and contracts of sale under which a tract of land in Zavala County, consisting of thirteen parcels and known as Alamo Subdivision No. 2 was purchased by the state under the Texas Veterans Land Program, a parcel with common water rights to an irrigation well for the benefit of each of the thirteen veterans. The thirteen contracts and applications bear the same date and the evidence shows that they were carried by appellant to Ledbetter, a notary public, who, at appellant's request, falsely certified as a notary public that each of the veterans had personally appeared before him and acknowledged the execution of the instrument which bore his signature. The sale of the tract of land known as Alamo Subdivision No. 2, in Zavala County, to the state was completed upon these applications and contracts.

An essential element of the offense charged is that the false interpretation or misrepresentation be made with intent to defraud. For the purpose of proving such intent all of the evidence relating to the sale of said subdivision was admissible and was admitted, including the testimony of veterans other than the one named in the indictment as having been induced to sign the application and contract of sale therein set out, and the testimony as to the false and forged notary certificates.

The trial court limited the testimony as to these transactions as follows: "Any evidence which may have been introduced before you as to any transactions, if any, between the defendant and any other persons was admitted for the sole purpose of showing, if such evidence does show, the intent and motive of the defendant in the transaction with which he is charged in this case, and if you consider other such testimony, if any, you must limit your consideration solely for such purpose and no other purpose."

To this charge appellant reserved the following exception because of omission: "Defendant objects and excepts to numbered paragraph 6 of the court's charge because the court does not therein expressly instruct the jury that before they can consider 'any transactions' referred to therein they must first find and believe beyond a reasonable doubt that such representations or misrepresentations were in fact made by the defendant to the other persons, namely, Fredrick F. Franklin and Floyd Peoples, and that they should disregard such testimony for any purpose whatsoever if they have a reasonable doubt that such

representations or misrepresentations were so made by the defendant to such other named persons, and that such other named persons relied thereon and that such representations were made with intent to defraud."

It will be seen that there was no attack upon the above-quoted charge insofar as it limited the evidence showing that appellant was a party to the forgery of the notary certificates and to the uttering and passing thereof, but that a charge was sought instructing the jury in effect that they could not consider the testimony of the other veterans as to representations made to them by appellant as to the contents of the applications and contracts signed by them unless they believed beyond a reasonable doubt not only that these representations or misrepresentations were made, but that these other veterans relied theron. No such burden rested on the state.

The evidence limited in the charge was not admissible because it showed extraneous offenses but as showing that appellant procured the signatures of other veterans of the same group to their applications by the use of the same or similar misrepresentations in the same scheme to sell to the state the land composing Alamo Subdivision No. 2 in Zavala County.

It was the fact that appellant made the same or similar misrepresentations as to the contents of these instruments to others of the group, and not the fact that other veterans relied upon such misrepresentations, that was material and was relied upon by the state to show an intent to defraud the veteran named in the indictment.

I find no reversible error in the charge, nor in the trial court's action in excusing jurors who expressed a prejudice and were thereafter challenged by the state.