Leroy CURLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 46015.

Court of Criminal Appeals of Texas.

April 4, 1973.

Rehearing Denied April 18, 1973.

Keith Marks, Dallas, for appellant.

Henry Wade, Dist. Atty., Jerome L. Croston, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery; punishment was assessed at life.

Appellant's sole ground of error is that "The trial court committed reversible error by permitting the prosecution, timely objection by defense counsel notwithstanding, to elicit testimony as to details of extraneous offenses which were immaterial to showing identity or system, which thereby exceeded the limitations to the admissibility of extraneous offenses and resulted in prejudicing and inflaming the jury."

The evidence reflects that the appellant and two other persons committed the robbery at a small grocery store in Dallas. The elderly female owner of the grocery store was shot and killed during the robbery, and approximately $600.00 was taken.

Two witnesses testified that they were working on an automobile near the grocery store on the date in question. At approximately 7:20 or 7:30 A.M., they saw the appellant and a companion attempt to open the door of the store. The store had not yet opened. The two witnesses left their automobile to obtain gasoline and were gone for approximately twenty to twenty-five minutes. When they returned they discovered that a robbery had been committed.

The butcher in the grocery store testified that he and the deceased were the only persons in the store at the time of the robbery. He identified the appellant as the man who forced him to lie on the floor and stood over him during the robbery and murder. A paper delivery boy identified appellant as resembling the man he saw running from the vicinity of the store with

two other men immediately after the robbery had been committed.

A girl friend of one of appellant's companions testified that she saw her boyfriend, the appellant and another man with a large amount of money shortly after the time of the robbery. She stated that appellant had in his possession at that time a woman's purse and other personal effects. These items were recovered, following the appellant's arrest, and were subsequently identified as belonging to the dead victim.

Appellant vigorously contested the identification of him by the state's witnesses and offered into evidence the defense of alibi.

Since identity was contested and the defense of alibi was relied upon by appellant, he does not contend that evidence of extraneous offenses was inadmissible. Rather, he contends that the state introduced more details of the facts of these offenses than was necessary to show identity. Thus, he contends that the effect of going into the details of the other offenses was to confuse the jurors on which crime appellant was being tried and that this tactic unduly prejudiced them against appellant.

The extraneous offenses in the instant case were offered to refute the defense of alibi and to show identity and connect appellant with the robbery charged. In connection therewith the court charged the jury that they were not to consider said testimony for any purpose unless they found and believed beyond a reasonable doubt that the appellant had committed such offenses. See, e. g., Ernster v. State, 165 Tex.Cr.R. 422, 308 S.W.2d 33; Nichols v. State, 138 Tex.Cr.R. 324, 136 S.W.2d 221; Vaughn v. State, 135 Tex.Cr.R. 205, 118 S.W.2d 312. Therefore, to prove beyond a reasonable doubt that such other offenses were committed by appellant, evidence relating to those crimes was properly admitted.

Appellant's pro se brief has been reviewed. One of his contentions therein is identical to that discussed above. The others are wholly without merit.

The judgment is affirmed.

DOUGLAS, J., concurs in the results.