# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00752-CR
## NO. 03-00-00753-CR

**Michael Bailey, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331STJUDICIAL DISTRICT
### NOS.0994411 & 0994701, HONORABLE BOB PERKINS, JUDGE PRESIDING

Appellant Michael Bailey appeals his conviction for aggravated sexual assault. *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2002).[1]  In three issues, appellant asks this Court to determine whether the trial court erred by (1) allowing testimony of appellant's prior extraneous offense, and (2) failing to instruct the jury not to consider appellant's extraneous offense unless it believed beyond a reasonable doubt that appellant had committed such an offense.  We will affirm the trial court's judgment.

### BACKGROUND

On August 16, 1999, Carolyn Sanchez went to Eleventh Street in Austin to purchase drugs.  She came across C.P. unconscious and hanging out of C.P.'s car at a stoplight.  Sanchez

---

[1] Appellant presents no point of error challenging his conviction for aggravated kidnapping, although the cases were tried together.

moved C.P. to the passenger seat of the car and drove it to a Ramada Inn on North IH-35. At the Ramada Inn, Sanchez encountered appellant and followed him to a house in a location unknown to her. Sanchez testified that during the early morning hours of August 17, 2000, appellant forcibly removed C.P. from the car and told Sanchez to leave. Two men then forced C.P. inside the house and sexually assaulted her. They then drove her to a remote area and left her. C.P. could generally described her assailants but did not get a good look at the men's faces and could not identify appellant. Sanchez identified appellant and his accomplice as the two men who took C.P. from the car and forced her into the house. Appellant could not be excluded as a contributor to DNA evidence recovered from C.P.'s sexual assault examination.

## DISCUSSION

### Extraneous Offense Evidence

In his first two issues, appellant contends that the trial court erred by allowing C.M., an eighteen-year-old female, to testify at trial that appellant and another individual had sexually assaulted her. We review a trial court's decision to admit or exclude evidence of an extraneous offense under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). "[A]s long as the trial court ruling was at least within the zone of reasonable disagreement, the appellate court will not intercede." *Id.*

The trial court admitted the testimony following Sanchez's impeachment. C.M. testified that appellant sexually assaulted her in a manner similar to C.P.'s assault. The date the assault occurred was only a few weeks before C.P.'s assault. C.M. stated that a friend had arranged

2

for her to have a ride home with appellant and another individual. Instead of taking C.M. home, appellant and his companion took her to an isolated area and sexually assaulted her. C.M. testified that appellant would not let her out of the car, held her by the neck, taunted her, and asked about her ability to perform oral sex. C.M. testified that appellant was the first of her assailants to assault her. In addition, C.M. testified that appellant threatened her with a gun and that he later admitted he did not have one.

Rule 404(b) bars evidence of "other crimes, wrongs, or acts" when that evidence is admitted for the purpose of proving "the character of a person in order to show that he acted in conformity therewith." Tex. R. Evid. 404(b). This evidentiary rule incorporates the fundamental tenet of our criminal justice system that an accused may be tried only for the offense for which he is charged and not his criminal propensities. *Owens v. State*, 827 S.W.2d 911, 914 (Tex. Crim. App. 1992). Evidence of other crimes, wrongs, or acts may, however, be admissible if it has relevance apart from its tendency to prove character conformity. Tex. R. Evid. 404(b); *Montgomery*, 810 S.W.2d at 387. Consequently, if a defendant objects on the ground that the evidence is not relevant, violates Rule 404(b), or constitutes an extraneous offense, the proponent must show that the evidence has relevance apart from showing character. *Montgomery*, 810 S.W.2d at 387. If the proponent persuades the trial court that the evidence is admissible for some other permissible purpose, and that purpose "tends in logic and common experience to . . . make the existence of a fact or consequence more or less probable than it would be without the evidence," the evidence is admissible. *Id.* at 391. Evidence of an extraneous offense is admissible if it

3

tends to establish some elemental fact, such as identity or intent; that it tends to establish some evidentiary fact, such as motive, opportunity or preparation, leading inferentially to an elemental fact; or that it rebuts a defensive theory by showing, e.g., absence of mistake or accident . . . [or] that it is relevant upon a logical inference not anticipated by the rulemakers.

*Id.* at 387-88.

Appellant contends the trial court erred by admitting C.M.'s testimony to prove appellant's identity as the man who sexually assaulted C.P. Before an extraneous offense may be admitted against a defendant, it must be shown that there is a relationship between such evidence and the evidence necessary to prove that the accused committed the crime for which he stands charged. *Siqueiros v. State*, 685 S.W.2d 68, 71 (Tex. Crim. App. 1985). This relationship should consist of some distinguishing characteristic common to both the extraneous offense and the offense charged. *Id.* In this case, C.M. and C.P. testified to numerous common distinguishing characteristics: (1) in both assaults, there were two assailants, one tall and heavyset, and the other smaller and thinner; (2) in both assaults, the smaller assailant grabbed the victim by the neck; (3) in both assaults, the smaller assailant seemed to be the leader and was the first to sexually assault the victim; (4) in both assaults, the victims were threatened with a gun they later learned did not exist; (5) in both assaults, the assailant taunted the victims and asked them about specific sexual acts; (6) both assaults occurred in East Austin, and the victims first encountered their assailants at motels along IH 35; (7) the assaults occurred less than one month apart; and (8) in both instances, the offenses occurred late at night when the women were intoxicated. Clearly, there are distinguishing characteristics common to the assaults perpetrated upon C.M. and C.P. *See Lane v. State*, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996).

If there are distinguishing characteristics common to both the extraneous offense and the offense charged, and the identity of the defendant is at issue, an extraneous offense is admissible to prove identity. *Siquieros*, 685 S.W.2d at 71; *Lane*, 933 S.W.2d at 519. Identity was clearly an issue in this case because (1) C.P. could not identify appellant as one of the perpetrators, and her ability to recall the events of August 17 was impeached on cross-examination; and (2) Sanchez's identification of appellant was impeached on cross-examination, and she was the State's only identifying witness. *See Siquieros*, 685 S.W.2d at 71 ("Cross-examination of the State's identifying witness can raise the issue of identity."). Because there are distinguishing characteristics common to both the sexual assault inflicted upon C.M. and that upon C.P., and because appellant's identity was in issue, we conclude that under these facts appellant has not shown that the trial court abused its discretion in admitting C.M.'s testimony. Accordingly, appellant's first two issues are overruled.

### *Jury Instruction*

In his third issue, appellant contends the trial court erred by failing to give the jury a limiting instruction as to the burden of proof on the extraneous offense evidence. Appellant argues that the trial court was required to instruct the jury not to consider extraneous offense evidence unless it believed beyond a reasonable doubt that appellant committed the extraneous offense.

It is well-settled that juries must be instructed not to consider extraneous evidence unless they believe beyond a reasonable doubt that the defendant committed such offense. *Harrell v. State*, 884 S.W.2d 154, 156 (Tex. Crim. App. 1996). The record on appeal clearly indicates that the trial court properly instructed the jury regarding the State's use of extraneous offense evidence,

5

both at the time the evidence was presented and in the charge.[2]  When the State proffered C.M.'s

testimony, the trial court instructed the jury as follows:

> In reference to evidence if any that the defendant has previously participated in recent transactions or acts other than but similar to that which is charged in the indictment in this case you are instructed that you cannot consider such other transactions or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the defendant participated in such transactions or committed such acts, if any, and even than you may only consider the same for the purpose of determining identity, if it does, and for no other purpose.

The trial court further instructed the jury on consideration of the evidence of appellant's extraneous

offense in the charge:[3]

> In reference to evidence, if any, that the defendant has previously participated in recent transactions or acts, other than but similar to that which is charged in the indictment in this case, you are instructed that you cannot consider such other transactions or acts, if any, for any purpose unless you find and believe beyond a reasonable doubt that the defendant participated in such transactions or committed such acts, if any; and even then you may only consider the same for the purpose of determining identity if it does, and for no other purpose.

Appellant's third issue is without merit; we overrule it accordingly.

---

[2] As the State recognizes, appellant raises no issue regarding the timeliness of the trial court's instruction.  Likewise, none of the cases appellant cites as authority raises an issue regarding timeliness of the instruction.  *See, e.g., Harrell v. State*, 884 S.W.2d 154 (Tex. Crim. App. 1994); *Ernster v. State*, 308 S.W.2d 33 (1957); *Nicols v. State*, 136 S.W.2d 221 (1940).  Appellant merely contends that the trial court failed to instruct the jury on the burden of proof for consideration of extraneous offense evidence.

[3] We note that the record on appeal indicates that appellant's trial counsel agreed to the wording of this charge.

**CONCLUSION**

We overrule appellant's issues. Accordingly, the judgment of the trial court is affirmed.

_____

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed:  December 13, 2001

Do Not Publish