THE STATE, DEFENDANT IN ERROR, v. JOHN E. SCHUY-
LER, PLAINTIFF IN ERROR.

Argued June 25, 1907—Decided July 2, 1907.

1. In a homicide case evidence that an altercation between the accused and the deceased had taken place about ten years before the killing is admissible, the remoteness of the occurrence going solely to the weight of the evidence.

2. The trial judge is not only justified in a criminal case in pointing out to the jury what seem to him to be salient features of the case, but he may give the jury the benefit of his greater experience by telling them how the testimony strikes his mind, both as to its force and as to the inferences he would draw from it.

3. A statement of the trial judge in his charge, while commenting on the evidence, that there was blood on the hands of the accused, and that there was no blood, as far as appeared, on the hands of anyone else, cannot be adjudged erroneous on the ground that there was no testimony to support it, where the evidence is not brought up with the bill of exceptions.

On error to the Court of Oyer and Terminer of Hunterdon county.

For the plaintiff in error, *H. Burdette Herr.*

For the state, *George H. Large.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error was convicted in the Hunterdon Oyer and Terminer of murder in the first degree in the felonious killing of one Manning Riley. Having sued out this writ of error, he assigns as reasons for the reversal of that conviction—*first,* that the trial court erroneously admitted, against his objection, evidence offered on the part of the state to show that an altercation between him and the deceased had taken place some ten or eleven years before the occurrence of the homicide, and *second,* that the trial court, in the charge to the jury, in commenting upon

the evidence, called their attention to the fact that the proofs indicated that there was "blood upon the hands of the defendant, and that there was no blood, as far as appears, upon the hands of anyone else."

It is contended upon behalf of the plaintiff in error that the evidence showing an altercation between himself and the deceased was improperly admitted because the occurrence was too remote to have any bearing upon the relation of the parties at the time of the homicide. The case is here on strict bill of exceptions, and we have nothing before us except the admitted questions and answers. So far as the record discloses anything to the contrary, it may well be that the altercation testified to aroused in the breasts of the participants a spirit of animosity toward each other which remained down to the time of the homicide. In the case of *Jefferds* v. *People,* 5 *Park. Cr.* 522 (cited with approval in *People* v. *Decker,* 157 *N. Y.* 193) the court, in dealing with a contention like that now under consideration, declared it to be no objection to such evidence that a period of years had expired since the occurrence took place, saying: "Long-continued animosity and ill will are better evidence of a state of mind which will ripen into deliberate murder than the hasty ebullition of passion. The theory of the law of murder is that it is done upon premeditation, and the motives for such an act are not less powerful because they are the result of ill feelings entertained for years." The logic of this deliverance is unanswerable, and underlies the settled rule of the criminal law that the remoteness of the time of such occurrences goes solely to their weight and not to their admissibility. Not only is this rule settled by the great weight of authority, but it prevails so universally in the administration of the criminal law that the diligence of counsel has not succeeded in discovering a single case where a contrary doctrine has been laid down.

We conclude that the first assignment of error is without merit.

Nor do we find anything of substance in the contention that there was error in the making of the statement by the trial

court to the jury that there did not appear to have been blood stains upon the hands of anyone except the plaintiff in error. Under our system of jurisprudence, a trial judge is not only justified in pointing out to the jury what seem to him to be the salient features of the case, but, as was said by this court in *State* v. *Hummer,* 44 *Vroom* 714, it is always his right, and frequently his duty, to go further and give the jury the benefit of his greater experience by telling them how the testimony strikes his mind, both as to its force and as to the inferences he would draw from it. The only ground upon which his action in commenting to the jury upon a fact which he conceives to have been in proof can be successfully challenged is that such fact has neither testimony nor color of testimony to support it. The plaintiff in error has not seen fit to bring up with his bill of exceptions the evidence taken at the trial, and there is nothing before us to support his assertion that the statement of which he complains was not justified by the proofs in the cause.

No error appearing, the judgment under review must be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, FORT, HENDRICKSON, PITNEY, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 13.

*For reversal*—None.