59 N.J. Super. 393 (1960)
157 A.2d 858
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FELIX CARMEL ASCOLESE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1960.
Decided February 9, 1960.
*395 Before Judges CONFORD, FREUND and HANEMAN.
Mr. William J. Murray argued the cause for appellant (Mr. Eugene T. Sharkey, of counsel; Mr. James M. Kenihan, on the brief).
Mr. Frank J.V. Gimino argued the cause for respondent (Mr. Lawrence A. Whipple, Hudson County Prosecutor, attorney).
The opinion of the court was delivered by HANEMAN, J.A.D.
Defendant, Felix Carmel Ascolese appeals from a judgment of conviction for the crime of grand larceny, N.J.S. 2A:119-2.
The basis for this appeal is an error which allegedly arose during the State's cross-examination of defendant. Due to the fact that the notebook containing the official stenographic record of defendant's testimony on cross-examination has been lost by the court reporter, the prosecutor and defendant's attorney, pursuant to R.R. 1:6-3, 2:6 and with the approval of the trial judge, have agreed to a statement in lieu of the lost testimony.
*396 Defendant was indicted by the grand jury of Hudson County for having stolen and carried away "39 brass elevator parts, of the value of $129.09, and twenty-one pieces [of] brass molding of the value of $206.85, in all of the value of $335.94, the property of Otis Elevator Co., Inc., a corporation, contrary to the provisions of N.J.S. 2A:119-2 * * *." Defendant pleaded not guilty. Having taken the stand on his own behalf at his trial, defendant was asked on cross-examination whether he had signed a written application for employment with the Otis Elevator Company (Otis). He replied that he had. He was then asked where he had been employed before he began work for Otis and he answered, "At Westinghouse Company in Jersey City." When asked whether he had disclosed the fact of this prior employment in his application to Otis, he stated that he had not. The prosecutor then asked defendant why he had left the employment of Westinghouse and he replied that he had been discharged. When defendant was asked why he had been discharged, his counsel objected that the question was improper for any purpose. The objection was overruled, however, and defendant was required to answer. He answered that he had been discharged for having stolen certain brass elevator parts, the property of Westinghouse, similar in material and structure to the parts that he was charged with stealing from Otis.
Both sides rested at the end of the second day of trial. On the succeeding day, before summation and the court's charge to the jury, the court granted defendant's motion to reopen in order to entertain two motions  (1) for a mistrial based on the ground of improper cross-examination, and (2) for the striking from the record of all testimony relating to the reason for defendant's Westinghouse discharge, based on the same ground. Both motions were denied.
Prior to the court's charge to the jury, defendant's counsel submitted seven written requests for charge. The court refused to charge, either exactly or in substance, the sixth requested charge, which reads:
*397 "The Court further charges that you are not to consider to any extent, or be influenced in your consideration of the evidence in respect to the guilt of the defendant, by his testimony on cross-examination concerning his having stolen from Westinghouse Company during his employment with said company, certain materials similar to the materials with the theft of which he is here charged."
The jury found that defendant was guilty as charged and he appeals to this court.
It is a well-established general rule that the State cannot prove that a defendant committed other crimes, although of a like nature to that of which he stands charged, for the purpose of showing that he would be likely to commit the crime charged. State v. Raymond, 53 N.J.L. 260 (Sup. Ct. 1891); State v. Nagy, 27 N.J. Super. 1 (App. Div. 1953); State v. Marchand, 31 N.J. 223 (1959); 12 Rutgers L. Rev. 4, 9 (1957).
"The motivating policies are said to be to avoid confusion, unfair surprise and prejudice. 1 Wigmore, Evidence, (3d ed. 1940), section 194. It is thought that proof of a previous crime will distract the jury, leading them to forego an independent analysis of the evidence and to rely merely on the tendency they possess in common with most people of saying `once a thief  always a thief.' * * *" State v. Nagy, supra, 27 N.J. Super., at page 11.
There are a number of exceptions to this general rule, however, and evidence of other criminal acts has been held admissible in this State when offered in order to establish identity, opportunity, motive, plan, system, intent, knowledge; State v. Raymond, supra; State v. Fay, 127 N.J.L. 77 (Sup. Ct. 1941), and
"[I]n general it may be said that whenever the defendant's guilt of an extraneous crime tends logically to prove against him some particular element of the crime for which he is being tried, such guilt may be shown." State v. Kociolek, 23 N.J. 400, 419 (1957).
It cannot be reasonably argued that the circumstances of the case sub judice come within any of the exceptions to the general rule above enumerated.
*398 Moreover, the State admitted during the proceedings on defendant's motion for mistrial that:
"We were not trying to associate his prior fact [sic] in order to show that he committed the one he is charged with now or that he had intent and motive because of a prior act with Westinghouse. We are merely trying to attack his credibility, it being shown by his statement that he falsified his former record; * * *." (Emphasis supplied)
Although it is true that a "conviction of any crime may be shown by examination or otherwise" for the "purpose of affecting the credibility of any witness * * *," N.J.S. 2A:81-12, it is error to receive evidence of prior crimes of which the accused has not been convicted. In Kociolek, supra, 23 N.J., at page 420, the Supreme Court stated that it is not competent to prove that a witness has in fact committed a crime if he has not been convicted, even though the actual perpetration of the crime is what renders him unworthy of belief. See also State v. Arbus, 54 N.J. Super. 76, 84 (App. Div. 1959).
Assuming the veracity of the State's contention that it had no knowledge of defendant's previous employment by Westinghouse or of his discharge for having stolen from them and that the proof of the other crime therefore came out unintentionally, the prejudicial evidence, nevertheless, was heard by the jury and the trial judge refused to direct them to disregard it for any purpose. The fact that prejudicial evidence has been elicited inadvertently does not render it harmless. At the very least, the trial judge should have instructed the jury that it must not consider or be influenced to any extent by the testimony concerning defendant's theft of certain materials from Westinghouse Company.
"A motion for a mistrial is addressed to the sound discretion of the court; and the denial of the motion is reviewable only for an abuse of discretion. * * * Unless the vice is plainly ineradicable by an instruction to the jury, a mistrial is not allowable of right." State v. Witte, 13 N.J. 598, 611 (1953).
*399 We need not pass upon the question of whether a proper instruction to the jury to disregard the prejudicial evidence would have been sufficient to "eradicate the vice" and thereby make the granting of a mistrial unnecessary. The fact is that the trial judge completely refused to charge the jury in this respect. Since he did nothing at any time to protect the defendant against improper use of this evidence by the jury in considering its obvious prejudicial effect, the judgment of conviction must be reversed and a new trial ordered.
Reversed and remanded for a new trial.