HILDA V. CURRY v. STATE

No. 31,401. March 23, 1960

WOODLEY, Judge dissented.

*R. E. Biggs,* Liberty, *E. E. Davis,* Dayton, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for embezzlement; the punishment, two years.

The single count indictment alleged that appellant on or about December 1, 1953, embezzled $300 while acting as the agent and employee of Bill Franta Pontiac Company, a partnership composed of Bill Franta and Albert Franta.

The testimony of the state shows that the appellant at all times here in question was employed by said company and that her duties were those of keeping the books which included the preparation of deposit slips and the making of deposits at the First Liberty National Bank.

The state relies for a conviction upon the facts and circumstances of the making of a deposit on December 1, 1953 for the Bill Franta Pontiac Company at the First Liberty National Bank.

The duplicate deposit slip in the records of said company shows a deposit of $2,093.33 on December 1, 1953, in said bank.

An original deposit slip of said company in the records of said bank shows a deposit of $1793.33 on December 1, 1953, in said bank.

The state offered testimony showing that the handwriting on said original and duplicate deposit slips of December 1, 1953, was in the handwriting of the appellant; and that the records of the bank showed no deposit in the name of the Bill Franta Pontiac Company on December 1, 1953, in the amount of $2,093.33.

Appellant contends that the court erred in permitting the state in making out its case in chief to introduce the records of several separate transactions of misappropriation of money from said company while the appellant was keeping its books which did not include the alleged $300 misappropriation on December 1, 1953.

The evidence shows that the same method was used in each of the twenty extraneous acts of misappropriation from said company as that used December 1, 1953. These acts of misappropriation were admissible to show intent and system.

The trial court recognized from the evidence that the jury should be instructed as to its consideration of the extraneous acts of misappropriation admitted in evidence, and in that connection charged the jury as follows:

"Evidence has been introduced before you as to other transactions than the one specifically set out in the indictment, between the defendant and Bill Franta Pontiac Company. This testimony was admitted before you solely for the purpose of showing the intent or system of the defendant as to the particular act charged in the indictment, if it does do so, and for no other purpose. If you consider such testimony at all you will consider it solely for the purpose for which it was admitted and for no other, for the defendant cannot be convicted in this case of any offense save and except the one specifically set out in the indictment, to-wit, the fraudulent conversion, embezzlement, or misapplication of the money charged in the indictment, if at all."

To which charge the appellant objected on the ground that it placed a greater burden on her than the law requires. In addition thereto, the appellant offered a special requested instruction which sufficiently pointed out the error in the above quoted charge, that is, that it failed to instruct the jury that they could not consider the other transactions *unless they found beyond a reasonable doubt that the appellant committed such other transactions and if they so found beyond a reasonable doubt,* then they may consider the same in determining the intent of the appellant and for no other purpose. Art. 659, Vernon's Ann, C.C.P.; Rodriguez v. State, 162 Tex. Cr. Rep. 332, 285 S.W. 2d 757; Barefield v. State, 165 Tex. Cr. Rep. 581, 309 S.W. 2d 451. The objection to the charge was overruled and the special charge was refused and to such rulings of the court the appellant excepted.

Therefore it appears that the court's charge limiting the jury's consideration of the extraneous transactions of misappropriation failed to instruct the jury that they could not consider them against the appellant unless they believed and found beyond a reasonable doubt that the appellant committed

198

such other transactions. The failure to so instruct the jury was error and requires a reversal of this conviction. Ernster v. State 165 Tex. Cr. Rep. 422, 308 S.W. 2d 33.

For the error pointed out the judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Judge (dissenting).

Ernster v. State, 165 Tex. Cr. Rep. 422, 308 S.W. 2d 33, appears to support the majority opinion but, as I see it, the opinion herein demonstrates the error in that reversal.

The opinions treat "transactions" and "offenses" as synonymous, and find reversible error because the charge did not require the jury to find beyond a reasonable doubt that appellant *"committed* such other transactions" before they considered them for the purpose of showing the intent or system of the defendant as to the particular act charged.

It is difficult to understand how one can be guilty of a "transaction" which is not a crime.

Evidence of similar extraneous transactions becomes admissible whether it shows the commission of other offenses or not, where it shows system, intent, knowledge or identity Cage v. State, 167 Tex. Cr. R. 355, 320 S.W. 2d 364; Stanford v. State, 103 Tex. Cr. R. 182, 280 S.W. 798. See also Campbell v. State, 163 Tex. Cr. R. 545, 294 S.W. 2d 125.

These authorities, and not the Ernster case, should be followed.