Leonard DeHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 37626.

Court of Criminal Appeals of Texas.

March 3, 1965.

Rehearing Denied April 21, 1965.

Second Motion for Rehearing Denied
May 26, 1965.

Baldwin & Goodwin, by Joe B. Goodwin (on appeal only), Beaumont, for appellant.

W. C. Lindsey, Dist. Atty., Jim Vollers, Asst. Dist. Atty., Beaumont, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is theft by false pretext; the punishment, five years.

The witness Jacobs and his wife testified that they bought a used Ford from appellant, that it was repossessed on the day the first payment was due according to the contract, that they went to Attorney Carriker for advice, that he telephoned appellant and that pursuant to Carriker's instructions they secured merchant money orders and took them to appellant who accepted the same, but refused to return the Ford stating that he had changed his mind and wanted them to refinance the loan with someone else.

The witness Carriker, an attorney, testified that the Jacobs came to him with their problem, that he called appellant, whom he knew, asked him what was required to effect the return of the Ford to the Jacobs, was informed that $90.00 was sufficient and that he so advised the Jacobs. He stated that shortly thereafter they returned to his office "minus their money and minus their automobile". He further stated that he again called appellant and was informed that he had changed his mind but refused to return their $90.00 and that he then advised the Jacobs to go to the District Attorney's office.

Appellant and his wife testified to substantially the same state of facts but stated that the sum of money which the Jacobs brought his wife was not all that was due him, and because of this he refused to return the Ford. Two transactions of almost identical nature with other parties were admitted and limited in the court's charge as evidence of appellant's intent and purpose. This is a brief summary of this 659 page record.

■ The jury rejected appellant's defense, accepted the testimony of the Jacobs and Carriker, and we find the evidence sufficient to support the conviction.

■ We overrule appellant's contention that the court erred in failing to instruct the jury that if they believed that he accepted the money orders in payment of a pre-existing debt that they should find him not guilty. Appellant denied that he personally received the money orders and it was his testimony that they were turned over to his wife. While it is true that appellant testified that the Jacobs were in arrears in their payments and had given him post dated checks, the fact remains that the Jacobs and Carriker testified that appellant represented he would return the Ford upon the payment of $90.00, and appellant denied that any such agreement was made. This was the only substantial issue in the case and was by the jury decided adversely to appellant.

Appellant's testimony at most constituted no more than a denial of the truth of the testimony of the witnesses named and is not an affirmative defense under the holding in Kimbro v. State, 157 Tex.Cr.R. 438, 249 S.W.2d 919. The court in his charge instructed the jury to acquit if they found that appellant had no fraudulent intent at the time he took the money orders in question.

We overrule appellant's contention that the indictment is fundamentally defective. It clearly describes the "money orders" which were acquired by means of the false pretext. We find no reversible error in the court's charge.

No reversible error appearing, the judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

We have again examined the record in the light of appellant's motion for rehearing, and remain convinced that a proper disposition was made of the case in our opinion on original submission.

■ The contention, now urged for the first time in the motion, that the court erred in refusing to permit appellant to present testimony before the jury that when the Ford automobile was purchased from him the prosecuting witness made certain misrepresentations concerning a 1951 Dodge automobile is without merit. Any misrep-

resentations made by the prosecuting witness in the original transaction were immaterial and irrelevant to the subsequent theft by appellant of the two money orders ten days later.

Certain claimed errors in the court's charge are also urged for the first time in the motion for rehearing.

 It is insisted that the charge was erroneous in failing to submit as appellant's affirmative defense his claim that he did not come into possession of the money orders and appropriate them to his own use and benefit. While, as pointed out in our original opinion, appellant's denial that he received the money orders did not constitute an affirmative defense, in the charge the court specifically instructed the jury to acquit appellant if they believed from the evidence or had a reasonable doubt that he did not appropriate the money orders to his own use and benefit. No error is presented.

Error is also urged to the court's instruction limiting the jury's consideration of the testimony relative to appellant's transactions with the two other parties to the question of intent and system on the ground that the jury was not required to find, before considering the testimony, that appellant actually committed the transactions in question. Curry v. State, 169 Tex. Cr.R. 195, 333 S.W.2d 375, is relied upon, where it was held that the jury should be so instructed in a charge limiting its consideration of evidence as to other transactions.

An examination of the record reflects that in his objections to the charge appellant did not specifically point out such omission in the instruction, as was done in Curry v. State, supra. Hence, no reversible error is presented.

The claim of error in the court's definition of "theft" in the charge as a ground for reversal is overruled. While, in defining the term, the court instructed the jury that "Theft is the fraudulent taking of corporeal property *to* another * * *," it is apparent that the use of the word "to" instead of the word "of" was a typographical error. The charge, as a whole, clearly defined "theft" and the error therein—by use of the word "to" instead of the word "of"—was not specifically pointed out by appellant.

The motion for rehearing is overruled.

Opinion approved by the court.