130 N.J. Super. 358 (1974)
327 A.2d 244
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ENOCH DAVID SLOCUM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 23, 1974.
Decided October 7, 1974.
*360 Before Judges COLLESTER, LORA and HANDLER.
*361 Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Robert T. Norton, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Ms. Lois De Julio, Deputy Attorney General, on the brief).
The opinion of the court was delivered by LORA, J.A.D.
Defendant was found guilty by a jury of robbery and atrocious assault and battery. He was sentenced to a prison term of 10-15 years for the robbery, to run consecutively to any sentence then being served, and a consecutive term of 5-7 years for atrocious assault and battery.
Emily Marie Cobb, the victim, who operated a confectionary store and who was also a registered nurse, testified that defendant entered her store during the evening of January 12, 1973. When she stepped from behind the counter to get an article for which he had asked, defendant struck her on the neck and shoulders with a club. As Miss Cobb lost her balance, defendant grabbed her by the hair, dragged her behind the counter where he dropped her to the floor, then kicked and stomped her on the back, shoulders and face. He said, "I am going to kill you, but where is your money first." Defendent fled with about $50. Miss Cobb said she had known defendant since he was a small child who lived in her community.
As a result of the beating the victim sustained bruises and lacerations of her entire face and head, swelling of her right ear, a concussion of the brain, a fracture of the lower left mandible jaw, a fracture of the right molar arch of the upper jaw and a blow-out fracture of the right orbit of the right eye.
During direct examination Miss Cobb was asked if she had had any past experiences with defendant and if she had been the victim of a previous incident involving defendant. Over objection, she was permitted to testify that in 1968 defendant *362 broke into and robbed her store and that she had testified against him in a trial which resulted in his conviction.
On cross-examination it was developed that defendant had not then been charged with robbery but with breaking and entering and larceny; that he had been convicted of breaking and entering; that the larceny charge had been dismissed; that Miss Cobb had not identified defendant at the 1968 trial but had testified as to what had been taken from her unattended store. It was also collaterally established that the conviction had been reversed on appeal, and on retrial defendant was acquitted.
Defendant moved for a mistrial which was denied on the ground that testimony of the prior incident was relevant to show defendant's motive for the atrocious assault and battery and robbery regardless of whether or not the prior conviction had been reversed. It is defendant's contention the admission of the testimony was prejudicial error and, in any event, such evidence should have been excluded pursuant to Evid. R. 4.
Under Evid. R. 55, evidence of prior crimes or civil wrongs is admissible to prove some other fact in issue including motive, intent, plan, knowledge, identity or absence of mistake or accident. Here the disputed testimony was admissible to show possible malice or revenge engendered by Miss Cobb's 1968 testimony against the defendant, as motive and intent, particularly in view of the outrageous battery committed upon the victim. State v. Baldwin, 47 N.J. 379, 391 (1966), cert. den. 385 U.S. 980, 87 S.Ct. 527, 17 L.Ed.2d 442 (1966); State v. Smith, 55 N.J. 476 (1970), cert. den. 400 U.S. 949, 91 S.Ct. 232, 27 L.Ed.2d 256 (1970). Moreover, the trial judge specifically and fully cautioned the jury as to the limited purpose of such testimony and that such evidence was not to be considered as proof of guilt of the offense charged but only to show some possible motive. He also clarified the nature of the previous charges against the defendant and detailed the course of those proceedings *363 leading to defendant's acquittal on the breaking and entering charge and dismissal of the larceny count.
Additionally, there is no merit to defendant's further assertion that receiving evidence of prior crimes of which the accused was not convicted constitutes reversible error. While it is true that under Evid. R. 47 only criminal convictions may be admitted to impeach credibility, evidence of "other crimes" which never resulted in a conviction is properly admissible where it tends, as here, to demonstrate motive, intent, identity, absence of mistake or plan. Evid. R. 55, State v. Smith, supra; State v. Baldwin, supra; State v. Donohue, 2 N.J. 381, 388 (1949); State v. Schuyler, 75 N.J.L. 487, 488 (E. & A. 1907); State v. Zicarelli, 122 N.J. Super. 225, 241 (App. Div. 1973), certif. den. 63 N.J. 252 (1973), cert. den. 414 U.S. 875, 94 S.Ct. 71, 38 L.Ed.2d 120 (1973); State v. Ascolese, 59 N.J. Super. 393, 397 (App. Div. 1960); State v. Nagy, 27 N.J. Super. 1, 11 (App. Div. 1953).
Likewise, evidence of criminal acts for which a defendant had been previously acquitted is admissible for the same purpose. State v. Schlue, 129 N.J. Super. 351, 355 (App. Div. 1974); State v. Yormark, 117 N.J. Super. 315, 337 (App. Div. 1971), certif. den. 60 N.J. 138, 139 (1972), cert. den. Mulvaney v. New Jersey, 407 U.S. 925, 92 S.Ct. 2459, 32 L.Ed.2d 812 (1972), vacated and remanded in part as to co-defendant Mulvaney, 61 N.J. 202, cert. den. 407 U.S. 925, 92 S.Ct. 2459, 32 L.Ed.2d 812, Perwin v. New Jersey, 409 U.S. 862, 93 S.Ct. 151, 34 L.Ed.2d 109 (1972); State v. Robinson and Chittenden, 16 N.J.L. 507 (Sup. Ct. 1838), Annotation, "Evidence  Other Offense  Acquittal," 86 A.L.R.2d 1132, 1144 (1962, Supp. 1968, 1974).
The probative value of the testimony on the issue of motive for the savage attack on the victim far outweighed any potential for prejudiciality. Evid. R. 4. Nor do we agree with defendant that the five-year interval between the prior *364 incident and the present offense rendered nugatory any allegation of revenge or motive. State v. Donohue, supra 2 N.J. at 388; State v. Schuyler, supra 75 N.J.L. at 488.
Defendant next argues the State failed to demonstrate that he knowingly and intelligently waived his Miranda rights prior to making an oral, inculpatory statement to a detective. We find no merit in defendant's contention. Following his arrest and after the Miranda warnings had been read to him, defendant acknowledged that he understood his rights and said he wanted to discuss the matter with the police and indicated he wanted his mother to leave the room. Defendant then merely stated, in answer to questions posed to him, that he needed help and had known Miss Cobb since he was a baby. On the following day, at the county jail, defendant was again read the Miranda warnings and he again acknowledged that he understood them, following which, he answered the detective's questions regarding the incident.
A waiver need not take on any particular form or utilize any designated legal terminology; any clear manifestation of a desire to waive is sufficient. State v. Graham, 59 N.J. 366, 376 (1971); State v. McKnight, 52 N.J. 35 (1968); State v. Kremens, 52 N.J. 303, 311 (1968); State v. Yough, 49 N.J. 587, 596 (1967). Our review of the record establishes that defendant did in fact waive his constitutional rights notwithstanding he did not specifically state that he was doing so.
Defendant also asserts plain error in that the trial judge's charge directed a verdict of guilty against him when he instructed the jury that an atrocious assault and battery had been committed, thereby withdrawing from its consideration the fact issue of whether the assault and battery was "atrocious."
The portion of the charge now objected to reads as follows:
Ladies and Gentlemen of the jury, I charge you that there is no evidence in this Court other than the fact that the attack upon Miss Cobb itself, and I'm merely making reference to the attack itself, was a brutal and vicious attack falling totally and completely within *365 the purview of the law as I have read it to you. You need not concern yourselves with any determination as to whether the act itself was an atrocious assault and battery, but I charge you that it was. Your concern and deliberation will be whether or not the State has proved beyond a reasonable doubt that this defendant is the one who committed that offense which was described by the defendant and demonstrated by the medical records.
Later on in his charge, the trial judge further instructed the jury that the assault "was atrocious within the purview of the law ."
A reading of the charge in its entirety satisfies us that the trial judge did not preempt the jury from determining the ultimate issues in the case. Cf. State v. Schneiderman, 20 N.J. 422 (1966), and State v. Hanly, 127 N.J. Super. 436, 450 (App. Div. 1974), certif. den. 65 N.J. 578 (1974), indicate that where the evidence is undisputed with respect to an issue of fact  even where the fact constitutes an element of the crime charged  it is not error for the trial judge to so instruct the jury and in effect withdraw that determination from the jury's consideration.
Consideration of defendant's presentence report and record of criminal offenses encompassing armed robbery and breaking and entering and larceny, in the light of the circumstances of this case, leads us to conclude the sentences imposed are not manifestly excessive or unduly punitive.
Affirmed.