158 N.J. Super. 1 (1978)
385 A.2d 304
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BARBARA WILSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 19, 1977.
Decided March 29, 1978.
*3 Before Judges FRITZ, BOTTER and ARD.
Mr. Stanley C. Van Ness, Public Defender, attorney for the appellant (Mr. Daniel W. O'Mullan, Designated Attorney, of counsel and on the brief).
Mr. Thomas J. Shusted, Camden County Prosecutor, attorney for the respondent (Mr. Dennis G. Wixted, Assistant Prosecutor, of counsel and on the brief).
*4 The opinion of the court was delivered by ARD, J.A.D.
Defendant, an unwed mother, was charged with first degree murder of her son, age two months. The State alleged that she smothered him with a pillow. Tried to a jury, she was convicted of second-degree murder and sentenced to "an indeterminate term in the Reformatory for Women at Clinton not to exceed 30 years."
On appeal she urges as error:
(1) The trial court's charge on "other crimes evidence" was plain error.
(2) Trial court's determination that the former crime of child abuse had been committed was contrary to weight of evidence.
(3) The sentence imposed was illegal.
Defendant first contends that the trial judge's charge on "other crimes evidence" was plain error. In instructing the jury on this evidence the judge said:
* * * The evidence is admissible solely for the limited purpose of showing a motive, intent, knowledge or absence of mistake or accident on the part of the defendant, Barbara Wilson on the date in question, charged in the indictment. The evidence is not to be admitted as substantive evidence, as proving an element of the crime charged in the indictment, that the defendant, Barbara Wilson, did in fact, commit the act charged in the indictment on the date specified. And you should not consider or accept it for such purposes.
Defendant contends that the last two sentences of this portion of his charge to the jury constituted plain error.
Evid. R. 55 provides:
Subject to Rule 47, evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed a crime or civil wrong on another specified occasion but, subject to Rule 48, such evidence is admissible to prove some other fact in issue including motive, intent, plan, knowledge, identity, or absence of mistake or accident. [Emphasis supplied]
The prosecution sought to admit evidence of prior episodes of child abuse by defendant unconnected with the cause of the *5 infant's death. This other crimes evidence was offered to prove defendant's intent and to rebut the defense of mistake or accident as the cause of the child's death. See State v. Wright, 66 N.J. 466 (1975), rev'g on dissent, 132 N.J. Super. 130, 147 (App. Div. 1974); State v. Sinnott, 24 N.J. 408, 413 (1957); State v. Atkins, 151 N.J. Super. 555 (App. Div. 1977).
In prosecuting defendant for murder the State was obliged to prove beyond a reasonable doubt that defendant intended to kill her son or to do him serious bodily harm, and that the boy's death by suffocation was not due to an accident or mistake. These are "essential elements of murder." State v. Gardner, 51 N.J. 444, 458-459 (1968).
A previous crime or civil wrong committed by a defendant cannot be used by the State for the purpose of demonstrating that the defendant is a "bad person" who is likely to have committed a subsequent crime. State v. Kociolek, 23 N.J. 400, 419 (1957). The trial judge would have been correct if his words conveyed this principle to the jury. Unfortunately, the language he used was inappropriate for this purpose. To the extent that the trial judge meant that evidence of defendant's prior physical abuse of her child could not be considered in relation to a "substantive" issue in the case, i.e., intent, absence of mistake or accident, the judge erred. But this alleged error was favorable to defendant, it did not prejudice her. By giving this charge the court diluted the State's contention that this evidence might be utilized by the jury in determining defendant's motive, intent or the absence of mistake or accident. At the very least, we do not conceive this to be an error "of such a nature as to have been clearly capable of producing an unjust result." R. 2:10-2.
An additional problem relating to the "other crimes evidence" is present. In determining the admissibility of the evidence offered under Evid. R. 55, the judge held a hearing out of the presence of the jury pursuant to Evid. R. 8. After a plenary hearing, the judge ruled that evidence *6 of prior episodes of child abuse was admissible. He further articulated that the standard of proof he used in determining whether these prior events did in fact occur was by "the clear and convincing doctrine." Defendant now contends that the trial judge's utilization of this standard was error. We disagree.
Although we have found no New Jersey cases directly on point,[1] we are satisfied that the court utilized the correct burden of proof standard. In State v. Hughes, 102 Ariz. 118, 426 P.2d 386 (Sup. Ct. 1967), the court made an instructive review of cases in other jurisdictions:
While in some jurisdictions it has been held that evidence of a prior crime must be such that the jury would believe beyond a reasonable doubt that the defendant had committed it, [Curry v. State, 169 Tex. Cr. R. 195, 333 S.W.2d 375 (1960); Ernster v. State, 165 Tex. Cr. R. 422, 308 S.W.2d 33 (1957); Pelton v. State, 60 Tex. Cr. R. 412, 132 S.W. 480 (1910)] the overwhelming weight of authority in other jurisdictions is that proof of a prior purported crime, and the defendant's connection with it, must be "clear", Hawkins v. State, 224 Miss. 309, 80 So.2d 1 (1955), or "clear and convincing", People v. Wade, 53 Cal.2d 322, 1 Cal. Rptr. 683, 348 P. 2d 116 (1959); Wrather v. State, 179 Tenn. 666, 169 S.W.2d 854 (1943), or that there must be "substantial proof" that the other crime has been committed by the defendant, State v. Hyde, 234 Mo. 200, 136 S.W. 316 (1911); People v. Lisenba, 89 P.2d 39 (Cal. App. 1939), on rehearing, 14 Cal.2d 403, 94 P.2d 569 (1939), affirmed, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941); State v. Carvelo, 45 Haw. 16, 361 P.2d 45 (1961); See also 22 A.C.J.S. Criminal Law § 690 and cases cited. Regardless of whether the words "clear", "clear and convincing" or "substantial proof" are used, the test appears to be that the proof both as to the commission of another crime and its commission by the defendant, must be by "substantial evidence sufficient to take the case to a jury." State v. Hyde, 234 Mo. 200, 250, 136 S.W. 316, 331 (1911). [426 P.2d at 390-391]
Two Iowa cases are corroborative of this approach. In State v. Armstrong, 183 N.W.2d 205 (Sup. Ct. 1971), cert. den. 414 U.S. 857, 94 S.Ct. 163, 38 L.Ed.2d 108 *7 (1973), the court stated (at 208) that for evidence of other offenses to go to the jury, it must be such as to leave "no room for speculation" in the jurors' minds. In State v. Fetters, 202 N.W.2d 84 (Sup. Ct. 1972), the court (at 92) repeated this formula, but added that proof beyond a reasonable doubt was not required.
The federal cases have generally been in accord. In United States v. Spica, 413 F.2d 129, 131 (8 Cir.1969), it is stated that the 8th Circuit is "firmly committed to the rule that it is essential to the admissibility of another distinct offense that the proof be plain, clear, and conclusive, and evidence of a vague and uncertain character is not admissible." In United States v. Machen, 430 F.2d 523, 526 (7 Cir.1970), the standard prescribed was "crisp, concise and persuasive" evidence. In United States v. Clemons, 503 F.2d 486, 490 (8 Cir.1974), the "clear and convincing" standard was expressed. In Fabacher v. United States, 20 F.2d 736, 738 (5 Cir.1927), it was also noted, "evidence of a vague and uncertain character regarding such an alleged offense is never admissible."
In United States v. Broadway, 477 F.2d 991 (5 Cir.1973), the Court stated:
Our holding is simply that when proof of an assertedly similar offense is tendered to establish necessary intent, the other offense proved must include the essential physical elements of the offense charged, and these physical elements, but not the mental ingredients of the offenses must be clearly shown by competent evidence. An independent preliminary examination of the proffered evidence, out of the jury's presence should be conducted to determine admissibility under these standards. [at 995; footnote omitted]
Moreover, our position is supported by the commentators. In 1 Wharton, Criminal Evidence (13 ed. 1972), § 263 at 626, it is stated:
It is not necessary to prove the accused's guilt of the other crime beyond a reasonable doubt. It is sufficient merely that there be evidence *8 tending to prove each element of the other crime; that the other crime be shown with reasonable certainty; or that proof of the other crime be clear.
In 1 Underhill, Criminal Evidence (6 ed. 1972), § 206 at 605:
It is sometimes said that the other crimes should be proved beyond a reasonable doubt, but a preponderance is also used as the test and some courts simply hold that the evidence need only tend to prove the defendant guilty of the other crime. In any event, the evidence of the other crimes must be substantial. Circumstantial evidence of the other crimes, if sufficiently strong, will suffice.
Similarly in McCormick, Evidence (2d ed. 1972), § 190 at 451-452, it is said:
* * * In the first place, it is clear that the other crime, when it is found to be independently relevant and admissible, need not be established beyond a reasonable doubt, either as to its commission or as to defendant's connection therewith, but for the jury to be entitled to consider it there must of course be substantial evidence of these facts, and some courts have used the formula that it must be "clear and convincing." And it is believed that before the evidence is admitted at all, this factor of the substantial or unconvincing quality of the proof should be weighed in the balance.
After ruling the evidence of a prior crime or prior child abuse admissible, the trial judge in his instructions to the jury stated:
If you decide that the State has not proved by clear and convincing evidence that the defendant, Barbara Wilson, committed the independent criminal conduct, child neglect or child abuse, you must ignore all such evidence.
Defendant also contends that by not requiring the jury to be satisfied beyond a reasonable doubt that defendant committed the prior acts of child abuse the State was relieved of its burden of proving each element of its case beyond a reasonable doubt. We disagree.
*9 In State v. May, 292 N.C. 644, 235 S.E.2d 178 (Sup. Ct. 1977), the court considered a similar allegation and held that it was not necessary that the State prove all the circumstances upon which it relies beyond a reasonable doubt. It held:
* * * [W]e are of the opinion that every fact or circumstance relied upon by the State need not be proved beyond a reasonable doubt. Each element, of which the facts and circumstances of a case are a part, must be so proved. Thus, it is sufficient for conviction that the jury is satisfied upon the whole evidence that each element of the crime has been proved beyond a reasonable doubt.
Other jurisdictions have taken a similar approach where evidence of other crimes has been offered on the question of intent. In Scott v. State, 107 Ohio St. 475, 141 N.E. 19 (1923), defendant was convicted of soliciting and accepting a bribe. During trial, evidence of defendant's commission of other similar offenses was introduced on the issue of intent. During the trial court's charge, the jury was instructed: "In determining the intent * * * you may consider the testimony as to other [crimes] * * * by the defendant, if any you find from the evidence has been [committed]." 141 N.E. at 25. Defendant assigned as error the omission from the charge that the other crimes must be proved beyond a reasonable doubt. In rejecting this contention, the court reasoned that, in order to convict, the State must prove each material element of the crime beyond a reasonable doubt. The State was not, however, required to prove every fact beyond a reasonable doubt. In conclusion, the court stated:
"Now, the intent is one of the elements that must be established to prove the crime of bribery. The testimony as to other similar previous offenses committed by the defendant, not too remote in period of time, is admissible in a bribery case to prove intent. Intent, the ultimate material fact of intent, must be established beyond a reasonable doubt, and the court must so charge. To hold, however, that other similar crimes which tend to establish intent must be proved beyond a reasonable doubt is to extend the rule far beyond all reason. If carried to its logical conclusion such a doctrine would require that every probative fact offered in the case be established beyond a reasonable doubt, which is certainly not the law." 141 N.E. at 26.
The reasoning and holding of the court in Scott v. State, supra, appears to represent the majority view of other jurisdictions. See People v. Allen, 351 Mich. 535, 88 N.W.2d 433 (1958); People v. Everett, 14 Ill. App.3d 421, 302 N.E.2d 723 (1973); State v. *10 Drews, 274 Minn. 426, 144 N.W.2d 251 (1966); State v. Mitchell, 112 Ariz. 592, 545 P.2d 49 (1976); Territory v. Awana, 28 Haw. 546 (1925); 1 Wharton, Criminal Evidence § 263 (13th ed. 1972). But see Curry v. State, 169 Tex. Cr. R. 195, 333 S.W.2d 375 (1960), for the minority view. [235 S.E.2d at 185-186]
In the case at bar the judge emphasized the State's burden of proving each and every element of the crime, and defendant's participation in it, beyond a reasonable doubt in order for the jury to find defendant guilty. By requiring the jury to find by "clear and convincing" evidence a circumstance or fact tending to prove an element of the crime such as intent or absence of mistake, the trial judge gave the jury a higher burden of proof than was necessary. By giving these instructions, the court placed an unnecessary burden on the State's case. The requirement, albeit unnecessary, did not prejudice the defendant.
To summarize, defendant should be afforded a hearing out of the presence of the jury, under Evid. R. 8, if requested, on the admissibility of evidence of other offenses. The burden of proof at such a hearing should be, as it was in the present case, clear and convincing. Furthermore, there is no burden upon the State to prove every fact offered in evidence beyond a reasonable doubt. When and if evidence of other offenses is admitted, no special instructions need be given to the jury as to the burden of proof of the other offenses.[2] If the commission of other offenses is disputed, the jury will make its own determination of whether to believe or not believe that defendant committed the other offenses. If they do believe that defendant committed the other offenses, they will apply that evidence, giving it its proper weight, for the limited purpose for which it was admitted. The evidence of other offenses is merely one element of the factual evidence presented by the State which the jury is free to believe or disbelieve.
*11 As was stated in People v. Klinkenberg, 90 Cal. App.2d 608, 204 P.2d 47 (D. Ct. App. 1949), reh. den. 204 P.2d 613 (Sup. Ct. 1949):
It is not the law, as proposed in one of defendants' rejected instructions, that each fact in a chain of circumstances that will establish a defendant's guilt must be proved beyond a reasonable doubt. * * * [204 P.2d at 62]
Defendant also urges that the trial judge's determination that the former crime of child abuse had been committed was contrary to the weight of evidence. We again disagree.
Our review of the judge's findings satisfy us that there was substantial credible evidence here to support those findings. State v. Johnson, 42 N.J. 146 (1964).
Lastly, defendant claims the sentence imposed was illegal. The trial judge sentenced defendant to an indeterminate term with a maximum of 30 years, notwithstanding N.J.S.A. 30:4-155 which reads in pertinent part:
Any female convicted of murder or manslaughter shall be sentenced to confinement in the Correctional Institution for Women at Clinton. Every such sentence shall be for a maximum and minimum term, except sentences for life. * * *
In State v. Costello, 59 N.J. 334 (1971), the court questioned the constitutionality, on equal protection grounds, of another portion of N.J.S.A. 30:4-155 which required the sentencing of a female offender to an indeterminate term where a male offender, in the identical situation, could be sentenced to State Prison for a minimum-maximum term. After analyzing the disparate treatment rendered females, and seriously questioning whether the statute provides equal protection to women, the court remanded the matter in order that a decision might be bottomed on an adequate record. Costello, supra at 347. No further appellate proceedings resulted from the remand. Thereafter, the court decided State v. Chambers, 63 N.J. 287 (1973), holding that N.J.S.A. *12 30:4-155 which provided mandatory indeterminate sentences for women in all cases except murder and manslaughter was violative of the equal protection guarantee where a male convicted of the same offense could be sentenced to a minimum-maximum term. Chambers determined that a woman over 30 years of age must be treated in the same manner as a male over 30 years of age and be given a minimum-maximum term if sentenced to the Correctional Institution for Women. The court further declared that a woman under 30 years of age must be treated in the same way as a male of similar age and is eligible for a minimum-maximum sentence or an indeterminate sentence. It mandated that the trial court "determine whether, if she had been a male, she would have received an indeterminate reformatory sentence or a minimum-maximum State Prison sentence. * * *" At 298.
In deciding the foregoing the court held:
To the extent the provisions of N.J.S.A. 30:4-155 provide for disparate sentencing of female offenders, they violate the equal protection clause of the Fourteenth Amendment of the United States Constitution and are hereby declared to be void. A female offender must receive the same sentencing treatment a male offender would receive for the same offense. * * * [at 296]
We are satisfied this statement also encompasses that portion of N.J.S.A. 30:4-155 which deals with females convicted of murder or manslaughter.
In the present case the judge was sentencing an 18-year-old woman whose male counterpart would have been eligible for either a minimum-maximum sentence or an indeterminate sentence. N.J.S.A. 2A:113-4 provides in pertinent part that:
Every person convicted of murder in the second degree shall suffer imprisonment for not more than 30 years.
And N.J.S.A. 30:4-147 provides:
Any male person between the ages of 15 and 30 years, who has been convicted of a crime punishable by imprisonment in the State Prison, *13 who has not previously been sentenced to a State Prison in this State, or in any other State, may be committed to the Youth Correctional Institution Complex.
In evaluating the circumstances of the present case we are satisfied that the judge considered defendant in the same manner as he would a male defendant. His sentence was tailored for the youthful offender. His statement to defendant underscores this thought.
I have called Clinton. I am going to give you a sentence that may, if Mr. Baker hasn't explained it to you, sound rather severe. In effect, it may not be that severe, depending on you.
This, and the discussion of the trial judge with counsel and defendant, satisfies us that an 18-year-old male would have received similar treatment.
We are further satisfied that the result in this case is not only consistent with the trial judge's intention but also with the court's overall interest in the philosophy of rehabilitation. See State v. Hopson, 60 N.J. 1 (1971), which adopted the dissenting opinion below, 114 N.J. Super. 146 (App. Div. 1971), affirming the concept of indeterminate sentencing in the rehabilitation-oriented Youth Correctional Institution Complex, even though violation of the substantive statute (Uniform Narcotic Drug Law, N.J.S.A. 24:18-47, replaced by N.J.S.A. 24:21-20) mandated a minimum term. See also, State v. Brozi, 125 N.J. Super. 485 (App. Div. 1973), certif. den. 64 N.J. 501 (1974), which sustained an indeterminate sentence for kidnapping notwithstanding the statute (N.J.S.A. 2A:118-1) which mandates a minimum sentence of 30 years for anyone so convicted.
Affirmed.
NOTES
[1] We consider the reasonable doubt standard in State v. Yough, 49 N.J. 587 (1967), to apply only to confessions.
[2] However, a limiting instruction should be given. Evid R. 6; see also Evid. R. 8.