183 N.J. Super. 580 (1982)
444 A.2d 1135
STATE OF NEW JERSEY, PLAINTIFF,
v.
WAYNE HUMPHREY, DEFENDANT.
Superior Court of New Jersey, Law Division (Criminal) Essex County.
Decided March 1, 1982.
*582 Michele Adubato, argued the cause for defendant.
Edward Bilinkas, Assistant Essex County Prosecutor, argued the cause for the State (George Schneider, Prosecutor, attorney).
BAIME, J.S.C. (temporarily assigned).
This case presents novel questions pertaining to the construction and application of N.J.S.A. 2C:20-7(b)(2). That statute creates a presumption of guilty knowledge in a prosecution for knowingly receiving stolen property where the accused has been involved in a similar transaction within the year preceding the charge set forth in the indictment. More specifically, the requisite mental state is "presumed" where the accused "[h]as received stolen property in another transaction within the year preceding" the alleged crime. N.J.S.A. 2C:20-7(b)(2). The initial question presented concerns the evidentiary effect of the presumption set forth in the statute. Ancillary questions pertain to the burden and standard of proof necessary to establish the predicate to the statutory presumption and the procedure to be employed in that regard. Also at issue is whether the State may introduce evidence of a prior disorderly persons conviction to establish that the defendant in fact received stolen property within the year.
As noted, these questions are of first impression. This opinion is thus necessary despite the fact that these issues have arisen within the context of an on-going criminal trial. Specifically, I conclude that the statute creates a permissive inference and not a presumption of guilty knowledge upon proof of defendant's *583 prior receipt of stolen property. Further, a hearing should be conducted out of the presence of the jury pursuant to Evid. R. 8 to determine whether the statutory presumption is applicable. At the hearing it is incumbent upon the State to prove the prior receipt of stolen property by clear and convincing evidence. In the event the evidence is ultimately admitted, the jury should be instructed as to its limited probative effect. Finally, I find that evidence of a prior disorderly persons conviction does not satisfy the State's burden of establishing the prior offense and may not be admitted.

I
Only recently the United States Supreme Court had occasion to reiterate that the "presumption of innocence, although not articulated in the Constitution, is a basic component of a fair trial under our system of criminal justice." Taylor v. Kentucky, 436 U.S. 478, 479, 98 S.Ct. 1930, 1931, 56 L.Ed.2d 468 (1978). See, also, Estelle v. Williams, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). It is thus axiomatic that the State bears the burden of proving each essential element of an offense beyond a reasonable doubt. State v. Humphreys, 54 N.J. 406, 414 (1969). Although the burden of proof may be shifted to the accused with respect to certain affirmative defenses, see e.g. State v. Molnar, 81 N.J. 475, 491 (1980) and State v. Toscano, 74 N.J. 421, 442 (1977), the State must nonetheless prove its case beyond a reasonable doubt. Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Quite plainly, it is not within the province of the Legislature to declare an individual presumptively guilty.[1]McFarland v. *584 American Sugar Refining Co., 241 U.S. 79, 86, 36 S.Ct. 498, 501, 60 L.Ed.2d 899 (1916). The Legislature cannot validly command that the accused disprove an essential element of the offense charged against him. Cf. Tot v. United States, 319 U.S. 463, 469, 63 S.Ct. 1241, 1245, 87 L.Ed.2d 1519 (1943). See, also, Speiser v. Randall, 357 U.S. 513, 523-525, 1340-1341, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958).
To that extent, the presumption set forth in N.J.S.A. 2C:20-7(b)(2) cannot be read to place upon a defendant the burden of establishing an innocent state of mind upon receiving the stolen property. Although the statute purports to create a presumption of guilty knowledge, it must be construed as establishing a mere permissive inference. It is well settled that a presumption is compulsory and prima facie establishes the existence of a fact, while an inference is a permissive deduction which the jury may but need not entertain. State v. Corby, 28 N.J. 106-114 (1958). Jury instructions employing the term "presumption" instead of describing an inference have been rejected, since they shift the burden of proof from the State to the defendant and impinge upon the deliberative function of the trier of fact. State v. Humphreys, supra at 415. United States v. Allegrucci, 258 F.2d 70, 73, 74 (3 Cir.1958); Barfield v. United States, 229 F.2d 936, 939-940 (4 Cir.1956). Therefore, the statute must be construed as permitting an inference of guilty knowledge to be drawn from evidence that the defendant received stolen property within the year preceding the charge alleged in the indictment.

II
In determining whether the statutory presumption is applicable, a hearing should be conducted out of the presence of the jury pursuant to Evid. R. 8. Although research discloses no published decision directly on point, strong public policy considerations militate that the State bear the burden of proving the prior receipt of stolen property by clear and convincing evidence. *585 Stated another way, the trial judge, out of the presence of the jury, must initially determine that the State has satisfied its burden of proving the receipt of stolen property within the year preceding the charge set forth in the indictment, by clear and convincing evidence, as a prerequisite to its admission. Further, the jury should be carefully instructed with respect to the limited purpose for receiving such evidence in the event it is found to be admissible. Such instructions should make it plain to the jury that they cannot consider such evidence as proof of a general propensity on the part of the defendant to commit crime. They can consider such evidence only for the limited purpose of determining defendant's state of mind. Of course, the word "presumption" should not be employed. The jury should be instructed that they may, but need not, draw an inference of guilty knowledge by virtue of the evidence pertaining to the prior receipt of stolen property. In that regard they should be cautioned not to abdicate their factfinding responsibility and they must, therefore, determine whether the evidence of the prior offense is true.
These principles are derived from the developing law regarding "other crime" evidence. See Evid. R. 55. The exclusionary rule pertaining to "other crime" evidence is not grounded upon the absence of probative value attributable to such proof. Indeed, such evidence is extremely compelling, particularly when the prior offense is of recent vintage. Such evidence is generally excluded notwithstanding its high probative value. The "danger is that it may weigh too heavily with the jury and deny" the accused a fair opportunity to defend himself against a particular charge. State v. Miller, 159 N.J. Super. 552, 562 (App.Div. 1978). See, also, State v. Soney, 177 N.J. Super. 47, 59 (App.Div. 1980). Thus, our courts have historically excluded evidence of prior crimes except in limited situations in which such proofs bear upon the motive, intent or guilty knowledge of the defendant. See, e.g., State v. Kociolek, 23 N.J. 400 (1957); State v. Neff, 67 N.J. Super. 213 (App.Div. 1961); State v. Ascolese, 59 N.J. Super. 393 (App.Div. 1960). In these limited instances *586 where such evidence has been held to be admissible our courts have adopted extraordinary means to insure that the jury's minds are not diverted. For example, an evidentiary hearing out of the presence of the jury is conducted. See State v. Wilson, 158 N.J. Super. 1, 5-8 (App.Div. 1978). "That evidence of prior crimes may have some bearing on motive, intent, plan, absence of mistake, knowledge or identity" does not automatically warrant its admission. State v. Atkins, 78 N.J. 454, 462 (1979). Rather, such evidence is to be admitted only when the issue of the mental state of the accused has been raised by the evidence. Id. The mere fact that the intent or knowledge of defendant constitutes an element of the offense is not sufficient reason to admit such evidence. Significantly, the State bears the burden of proving commission of the other crime or civil wrong by clear and convincing evidence. State v. Wilson, supra at 5-8. Finally, the jury must be instructed with respect to the limited purpose for which they are permitted to consider such evidence. State v. Rajnai, 132 N.J. Super. 530, 535 (App.Div. 1975). See, also, State v. Sempsey, 141 N.J. Super. 317 (App.Div. 1976), certif. den. 74 N.J. 272 (1977); State v. Miller, supra. These safeguards against undue prejudice should apply with equal force with respect to application of the statutory presumption set forth in N.J.S.A. 2C:20-7(b)(2).

III
In this case the State seeks to present evidence of defendant's prior disorderly persons conviction for receiving stolen property. The judgment of conviction discloses that defendant entered a plea of guilty to the charge and no custodial term was imposed. The State does not contend that the conviction constitutes collateral estoppel against defendant. Rather, the State argues that the conviction should be admitted as proof of defendant's prior receipt of stolen property. According to the State, defendant is free to rebut such evidence. Defendant contends that a conviction for a disorderly persons offense is not sufficiently reliable to permit its admission into evidence particularly where *587 it is the result of a guilty plea. In support of his argument defendant notes that guilty pleas to lesser penal offenses are often entered in the municipal courts without the formality and solemnity accorded in the Superior Court. Often the accused is not represented by counsel. Defendant contends that such convictions are untrustworthy hearsay and should not be admitted to prove the essential facts of the disorderly persons charge.
Similar arguments were advanced in a somewhat related context in State v. Ingenito, 87 N.J. 204 (1981). There defendant was charged with a variety of weapons offenses. In a multi-count indictment defendant was charged with the unlicensed transfer of weapons and possession of a firearm by a convicted felon. These counts were severed. At the first trial defendant was convicted of the unlicensed transfer of weapons. Shortly thereafter he was brought to trial before a different jury on the previously severed charge of possession of a firearm by a convicted felon. During the course of the second trial defendant's conviction for the unlicensed transfer of weapons was admitted to prove the element of possession. Defendant was ultimately convicted.
The Supreme Court reversed upon the basis that use of the prior conviction constituted collateral estoppel and impinged upon defendant's right of trial by jury. The court stated:
The application of collateral estoppel against a defendant constitutes an invasion of the fact-finding and ultimate decisional functions of the jury. If an essential element of a case is presented as concluded or settled, effectively withholding from the jury crucial underlying facts, the jury's capacity to discharge fully its paramount deliberative and decisional responsibilities is irretrievably compromised. It follows in such circumstances that the defendant's jury right will have been, commensurately, abridged. [Id. at 213; emphasis supplied]
Significantly, the court also considered the fact that defendant could have introduced evidence to rebut the State's proof pertaining to possession. Rejecting this argument, the court characterized the defendant's right to rebut evidence of the prior conviction as "theoretical." Id. at 220. In sum, the court concluded that "the effect of the prosecution's submission of the prior conviction ... was to create a near-mandatory presumption *588 in the minds of the jurors as to the guilt of the defendant." Id.
Justice Schreiber concurred, but based his opinion upon the ground that evidence of the prior conviction constituted inadmissible hearsay. Noting that Evid.R. 63(20) explicitly provides for the admission of previous convictions of crime in civil proceedings, Justice Schreiber concluded that our evidentiary rules contain no similar counterpart with respect to penal cases. The Justice also found persuasive the fact that the Supreme Court's Committee on Evidence expressly rejected Uniform Rule 63(20), which permits admission of "a final judgment adjudging a person guilty of a felony, to prove any fact essential to sustain" the conviction. The concurring opinion alluded to the report of the Committee on Evidence which expressly provides that "Rule 63(20) is limited to civil cases" because the "stakes are too high in a criminal proceeding to permit the use of prior convictions as evidence." Report of the New Jersey Supreme Court Committee on Evidence, Comment, Rule 63(20), at 197 (1963). Finally, Justice Schreiber rejected the State's argument that Evid.R. 55 independently permits proof of these crimes in certain cases. The Justice noted that "[w]hat the State overlooks is that proof of the other crime should be direct evidence of that crime, not hearsay." Id. at 224.
The factual pattern confronting the Supreme Court in State v. Ingenito, supra, is distinguishable from that presented here. Evidence of the prior disorderly persons offense is not being offered to directly prove an essential element of the offense charged. Unlike State v. Ingenito, supra, the State does not seek to employ "a preclusive device serving to establish affirmatively an essential element". Id. at 219. Rather, the prosecution merely offers, "a piece of evidence generally relevant to the underlying charges." Id. In short, the State is attempting to introduce evidence of the prior conviction to establish a fact from which an inference of another fact can be deduced. State v. Ingenito, supra, stands for the proposition that "the normal jury process ... is vitiated where a prior conviction constitutes *589 the sole evidence proferred by the prosecution" to prove an essential element of the offense charged. But it is a far different thing to suggest that the right to trial by jury is violated by the mere admission of evidence, which can be rebutted by the accused and ultimately rejected by the trier of fact, from which an element of the offense can be inferred.
This much conceded, there can be no doubt that evidence of the disorderly persons conviction constitutes hearsay. See Evid.R. 63. Further, "[a]ll statements which fall under [the] definition of hearsay are inadmissible upon objection unless they fall within one of the exceptions enumerated in Evid.R. 63(1) through 63(22)." Id. at 222. Admission of hearsay under these exceptions has been recognized and approved notwithstanding the fact that the right to confrontation is denied. In sum, these exceptions have been created out of necessity and justified upon the ground that the circumstances provide strong indicia of reliability.
As noted in Justice Schreiber's concurring opinion, Evid.R. 63(20) is limited to civil proceedings. Expansion of the rule to include criminal cases was considered and rejected by the Supreme Court Committee. Further, the rule, as it presently exists, permits admission of convictions only with respect to "indictable offenses." Research has disclosed only one published decision in which prior convictions were admitted under Evid.R. 55. Significantly, objection to admission of the evidence based upon its hearsay nature was never made. State v. Atkins, supra. Thus, the only judicial opinion considering this issue is that of Justice Schreiber.
Also significant is the fact that no necessity has been shown for admission of the conviction. By its very terms, N.J.S.A. 2C:20-7(b)(2) is limited to cases in which the accused has received stolen goods within the year preceding the incident alleged in the indictment. There is no reason to believe that witnesses cannot be presented by the State to establish commission of the prior offense. It is true that the accused had ample *590 opportunity to present his case in the municipal court and that concerns of judicial and prosecutorial economy as well as finality of litigation are important values that should generally be vindicated. Nonetheless, the strong policy against admission of hearsay evidence, particularly in the context of the compelling nature of the proof sought to be admitted here, far outweighs the benefits attributable to admission of the disorderly persons conviction.
Finally, the reliability of such a conviction, as proof of the facts essential to the judgment, is questionable. As noted previously, defendants charged with disorderly persons violations often appear without counsel. The court need appoint an attorney to represent an indigent accused only "[w]hen the very charge and the attendant circumstances" indicate that "imprisonment or other consequence of magnitude is actually threatened or is a likelihood on conviction." Rodriguez v. Rosenblatt, 58 N.J. 281, 295 (1971). If the matter has any complexities, "the untrained defendant is in no position to defend himself and, even where there are no complexities, his lack of representation may place him at a disadvantage." Id. So too, disorderly persons violations "have legislatively and judicially been dealt with not as crimes but as lesser offenses which do not carry the stigma or disabilities incident" to criminal convictions. Id. at 293. Such cases are generally tried in the municipal courts by summary proceedings "without the indictments and jury trials guaranteed to defendants in criminal proceedings." Id. Particularly with respect to an uncounselled defendant who confronts minor penalties, there may be an almost irresistable, gravitational pull toward electing to plead guilty.
What has been said thus far is not meant to demean the importance of proceedings in our municipal courts. "In terms of human experiences our [municipal judges] preside in the most important courts in the state. To appreciate that this is so, we need but look at the nature and number of the matters they handle." Weintraub, 81 N.J.L.J. 597 (1958). See, also, In re Yengo, 72 N.J. 425, 432 (1977). Nonetheless, the strong possibility *591 of prejudice to the accused by admission of a disorderly persons conviction for a charge similar to that for which defendant is being tried in the Superior Court demands that such hearsay evidence be excluded.[2]
NOTES
[1] As set forth in N.J.S.A. 2C:1-13e, "[w]hen the code or other statute defining an offense establishes a presumption with respect to any fact which is an element of an offense, it has the meaning accorded it by the law of evidence." It is to be noted in this regard that amendments to Evid.R. 13, 14 and 15 make it clear that presumptions are not applicable in criminal cases.
[2] This decision should not be construed as precluding admission of evidence pertaining to any declaration against penal interest which may have been made by the defendant in the municipal court. See Evid.R. 63(10). Such evidence would be admissible independently by virtue of Evid.R. 63(10), assuming satisfaction of the codified requisites. See, also, Evid.R. 63(7) and State v. Kennedy, 135 N.J. Super. 513 (App.Div. 1975), pertaining to admissions.