TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00752-CR


NO. 03-00-00753-CR






Michael Bailey, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331STJUDICIAL DISTRICT


NOS.0994411 & 0994701, HONORABLE BOB PERKINS, JUDGE PRESIDING







 Appellant Michael Bailey appeals his conviction for aggravated sexual assault. See
Tex. Pen. Code Ann. § 22.021 (West Supp. 2002). (1) In three issues, appellant asks this Court to
determine whether the trial court erred by (1) allowing testimony of appellant's prior extraneous
offense, and (2) failing to instruct the jury not to consider appellant's extraneous offense unless it
believed beyond a reasonable doubt that appellant had committed such an offense. We will affirm
the trial court's judgment.


BACKGROUND


 On August 16, 1999, Carolyn Sanchez went to Eleventh Street in Austin to purchase
drugs. She came across C.P. unconscious and hanging out of C.P.'s car at a stoplight. Sanchez
moved C.P. to the passenger seat of the car and drove it to a Ramada Inn on North IH-35. At the
Ramada Inn, Sanchez encountered appellant and followed him to a house in a location unknown to
her. Sanchez testified that during the early morning hours of August 17, 2000, appellant forcibly
removed C.P. from the car and told Sanchez to leave. Two men then forced C.P. inside the house
and sexually assaulted her. They then drove her to a remote area and left her. C.P. could generally
described her assailants but did not get a good look at the men's faces and could not identify
appellant. Sanchez identified appellant and his accomplice as the two men who took C.P. from the
car and forced her into the house. Appellant could not be excluded as a contributor to DNA evidence
recovered from C.P.'s sexual assault examination.


DISCUSSION


Extraneous Offense Evidence

 In his first two issues, appellant contends that the trial court erred by allowing C.M.,
an eighteen-year-old female, to testify at trial that appellant and another individual had sexually
assaulted her. We review a trial court's decision to admit or exclude evidence of an extraneous
offense under an abuse of discretion standard. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990) (op. on reh'g). "[A]s long as the trial court ruling was at least within the zone of
reasonable disagreement, the appellate court will not intercede." Id.

 The trial court admitted the testimony following Sanchez's impeachment. C.M.
testified that appellant sexually assaulted her in a manner similar to C.P.'s assault. The date the
assault occurred was only a few weeks before C.P.'s assault. C.M. stated that a friend had arranged
for her to have a ride home with appellant and another individual. Instead of taking C.M. home,
appellant and his companion took her to an isolated area and sexually assaulted her. C.M. testified
that appellant would not let her out of the car, held her by the neck, taunted her, and asked about her
ability to perform oral sex. C.M. testified that appellant was the first of her assailants to assault her. 
In addition, C.M. testified that appellant threatened her with a gun and that he later admitted he did
not have one.

 Rule 404(b) bars evidence of "other crimes, wrongs, or acts" when that evidence is
admitted for the purpose of proving "the character of a person in order to show that he acted in
conformity therewith." Tex. R. Evid. 404(b). This evidentiary rule incorporates the fundamental
tenet of our criminal justice system that an accused may be tried only for the offense for which he
is charged and not his criminal propensities. Owens v. State, 827 S.W.2d 911, 914 (Tex. Crim. App.
1992). Evidence of other crimes, wrongs, or acts may, however, be admissible if it has relevance
apart from its tendency to prove character conformity. Tex. R. Evid. 404(b); Montgomery, 810
S.W.2d at 387. Consequently, if a defendant objects on the ground that the evidence is not relevant,
violates Rule 404(b), or constitutes an extraneous offense, the proponent must show that the
evidence has relevance apart from showing character. Montgomery, 810 S.W.2d at 387. If the
proponent persuades the trial court that the evidence is admissible for some other permissible
purpose, and that purpose "tends in logic and common experience to . . . make the existence of a fact
or consequence more or less probable than it would be without the evidence," the evidence is
admissible. Id. at 391. Evidence of an extraneous offense is admissible if it


tends to establish some elemental fact, such as identity or intent; that it tends to
establish some evidentiary fact, such as motive, opportunity or preparation, leading
inferentially to an elemental fact; or that it rebuts a defensive theory by showing, e.g.,
absence of mistake or accident . . . [or] that it is relevant upon a logical inference not
anticipated by the rulemakers.



Id. at 387-88.

 Appellant contends the trial court erred by admitting C.M.'s testimony to prove
appellant's identity as the man who sexually assaulted C.P. Before an extraneous offense may be
admitted against a defendant, it must be shown that there is a relationship between such evidence
and the evidence necessary to prove that the accused committed the crime for which he stands
charged. Siqueiros v. State, 685 S.W.2d 68, 71 (Tex. Crim. App. 1985). This relationship should
consist of some distinguishing characteristic common to both the extraneous offense and the offense
charged. Id. In this case, C.M. and C.P. testified to numerous common distinguishing
characteristics: (1) in both assaults, there were two assailants, one tall and heavyset, and the other
smaller and thinner; (2) in both assaults, the smaller assailant grabbed the victim by the neck; (3) in
both assaults, the smaller assailant seemed to be the leader and was the first to sexually assault the
victim; (4) in both assaults, the victims were threatened with a gun they later learned did not exist;
(5) in both assaults, the assailant taunted the victims and asked them about specific sexual acts; (6)
both assaults occurred in East Austin, and the victims first encountered their assailants at motels
along IH 35; (7) the assaults occurred less than one month apart; and (8) in both instances, the
offenses occurred late at night when the women were intoxicated. Clearly, there are distinguishing
characteristics common to the assaults perpetrated upon C.M. and C.P. See Lane v. State, 933
S.W.2d 504, 519 (Tex. Crim. App. 1996).

 If there are distinguishing characteristics common to both the extraneous offense and
the offense charged, and the identity of the defendant is at issue, an extraneous offense is admissible
to prove identity. Siquieros, 685 S.W.2d at 71; Lane, 933 S.W.2d at 519. Identity was clearly an
issue in this case because (1) C.P. could not identify appellant as one of the perpetrators, and her
ability to recall the events of August 17 was impeached on cross-examination; and (2) Sanchez's
identification of appellant was impeached on cross-examination, and she was the State's only
identifying witness. See Siquieros, 685 S.W.2d at 71 ("Cross-examination of the State's identifying
witness can raise the issue of identity."). Because there are distinguishing characteristics common
to both the sexual assault inflicted upon C.M. and that upon C.P., and because appellant's identity
was in issue, we conclude that under these facts appellant has not shown that the trial court abused
its discretion in admitting C.M.'s testimony. Accordingly, appellant's first two issues are overruled.


Jury Instruction

 In his third issue, appellant contends the trial court erred by failing to give the jury
a limiting instruction as to the burden of proof on the extraneous offense evidence. Appellant argues
that the trial court was required to instruct the jury not to consider extraneous offense evidence
unless it believed beyond a reasonable doubt that appellant committed the extraneous offense.

 It is well-settled that juries must be instructed not to consider extraneous evidence
unless they believe beyond a reasonable doubt that the defendant committed such offense. Harrell
v. State, 884 S.W.2d 154, 156 (Tex. Crim. App. 1996). The record on appeal clearly indicates that
the trial court properly instructed the jury regarding the State's use of extraneous offense evidence,
both at the time the evidence was presented and in the charge. (2) When the State proffered C.M.'s
testimony, the trial court instructed the jury as follows:


In reference to evidence if any that the defendant has previously participated in recent
transactions or acts other than but similar to that which is charged in the indictment
in this case you are instructed that you cannot consider such other transactions or
acts, if any, for any purpose unless you find and believe beyond a reasonable doubt
that the defendant participated in such transactions or committed such acts, if any,
and even than you may only consider the same for the purpose of determining
identity, if it does, and for no other purpose.



The trial court further instructed the jury on consideration of the evidence of appellant's extraneous
offense in the charge: (3)


In reference to evidence, if any, that the defendant has previously participated in
recent transactions or acts, other than but similar to that which is charged in the
indictment in this case, you are instructed that you cannot consider such other
transactions or acts, if any, for any purpose unless you find and believe beyond a
reasonable doubt that the defendant participated in such transactions or committed
such acts, if any; and even then you may only consider the same for the purpose of
determining identity if it does, and for no other purpose.



Appellant's third issue is without merit; we overrule it accordingly.


CONCLUSION


 We overrule appellant's issues. Accordingly, the judgment of the trial court is
affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: December 13, 2001

Do Not Publish

1.   Appellant presents no point of error challenging his conviction for aggravated kidnapping,
although the cases were tried together.
2.   As the State recognizes, appellant raises no issue regarding the timeliness of the trial
court's instruction. Likewise, none of the cases appellant cites as authority raises an issue regarding
timeliness of the instruction. See, e.g., Harrell v. State, 884 S.W.2d 154 (Tex. Crim. App. 1994);
Ernster v. State, 308 S.W.2d 33 (1957); Nicols v. State, 136 S.W.2d 221 (1940). Appellant merely
contends that the trial court failed to instruct the jury on the burden of proof for consideration of
extraneous offense evidence.
3.   We note that the record on appeal indicates that appellant's trial counsel agreed to the
wording of this charge.